SUSAN L. SURREY vs. LUMBERMENS MUTUAL CASUALTY
COMPANY.

Bristol.  April 6, 1981. — July 28, 1981.

Present: HENNESSEY, C.J., BRAUCHER, LIACOS, ABRAMS, & NOLAN, JJ.

*Insurance*, Motor vehicle insurance, Construction of policy, Uninsured
motorist. *Statute*, Construction. *Words*, "Hit-and-run."

A provision in a policy of motor vehicle insurance purporting to limit in-
surance coverage with respect to hit-and-run accidents to those acci-
dents in which physical contact occurred between the unidentified
vehicle and the insured's vehicle was in conflict with the uninsured
motor vehicle statute, G. L. c. 175, § 113L, and was thus without ef-
fect.  [172-178]

CIVIL ACTION commenced in the Superior Court Depart-
ment on June 15, 1979.

Motions for summary judgment were heard by *Silva*, J., a
District Court judge sitting under statutory authority.

The Supreme Judicial Court granted a request for direct
appellate review.

*Stephen A. Lechter* for the plaintiff.

*Paul F. Degnan (Frank A. Smith, III, with him) for the
defendant.

LIACOS, J.  This case raises a straightforward question of
law:  Is the physical contact requirement of the defendant's
motor vehicle insurance policy unenforceable as a perver-
sion of the aims of the uninsured motorist statute, G. L.
c. 175, § 113L?  The plaintiff brought a complaint for
breach of an insurance contract.  The case is here on the
plaintiff's appeal from the denial of her motion for sum-
mary judgment and the granting of the defendant's cross
motion for same.  The judge below construed G. L. c. 175,
§ 113L, to preclude recovery under the plaintiff's policy for

a hit-and-run accident absent physical contact with the plaintiff's automobile. We granted direct appellate review. We reverse.

The facts are stipulated. On September 30, 1978, the plaintiff was operating a motor vehicle on County Street in Attleboro when an automobile coming from the opposite direction forced her off the road into a guardrail.[1] The operator or owner of the other car was not identified. There was no physical contact between the unidentified vehicle and the plaintiff's automobile.

At the time of the accident, the plaintiff was insured under a motor vehicle policy issued by the defendant. The uninsured vehicle section of the policy contained the following limitation:

> "Some autos are uninsured. Some accidents involve unidentified hit and run autos. Under this Part, we will pay damages for bodily injury to people injured or killed in certain accidents caused by uninsured or hit and run autos. We will pay only if the injured person is legally entitled to recover from the owner or operator of the uninsured or hit and run auto. *We will only pay for hit and run accidents if the owner or operator of the auto causing the accident cannot be identified and there was physical contact with the hit and run auto"* (emphasis supplied).

The defendant insurer asserts that, because the limiting endorsement is clear and unambiguous, there can be no basis to construe that language in favor of the insured. Contrast *Slater* v. *United States Fidelity & Guar. Co.*, 379 Mass. 801, 803 (1980) (when insurer drafts policy in ambiguous language, court will construe that language in favor of the insured). The defendant asserts also that the policy language has been approved by the Insurance Commissioner.

---

[1] The plaintiff alleged the following injuries: broken nose, fractured rib, concussion, leg and body lacerations, permanent disfigurement, as well as medical expenses and pain and suffering.

These claims are beyond cavil, but they cannot render the physical contact provision enforceable if that language in the policy is in conflict with the uninsured motor vehicle statute, G. L. c. 175, § 113L. *Johnson* v. *Travelers Indem. Co.*, 359 Mass. 525, 528 (1971).

The insurer claims, however, that the policy limitation of coverage of "hit and run" accidents to those involving physical contact with the insured's vehicle comports with the denotation of "hit-and-run" as used in G. L. c. 175, § 113L.[2] The insurer presses the point that the words "hit-and-run" in the statute must be read literally to mean actual physical contact. The plaintiff, on the other hand, contends that the expression "hit-and-run" does not necessarily import actual physical contact. She cites both lexical and other statutory uses of the term to buttress her argument that the defendant's policy exclusion unlawfully restricts the purpose of the uninsured motor vehicle statute: to provide the availability of compensation for bodily injury or death caused by a tortfeasor who is uninsured. Although the judge endorsed the plaintiff's reasoning, he concluded that the statutory language is to be read literally so as to require a physical contact, a "hit." The judge further concluded that any change in the effect of the statutory language is for the Legislature.

The question sub judice, a matter of first impression in the Commonwealth, has been considered by numerous other jurisdictions. Our review of those cases indicates that the

---

[2] General Laws c. 175, § 113L, as amended by St. 1973, c. 380, provides in relevant part: "No policy shall be issued or delivered in the commonwealth with respect to a motor vehicle, trailer or semitrailer registered in this state unless such policy provides coverage in amounts or limits prescribed for bodily injury or death for a liability policy under this chapter, under provisions approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, trailers, or semitrailers and *hit-and-run* motor vehicles, trailers or semitrailers because of bodily injury, sickness or disease, including death resulting therefrom" (emphasis supplied). A subsequent amendment (St. 1980, c. 532, §§ 1, 2) does not affect this case.

defendant's position is no longer supported by the majority of the courts, nor is it sustained by a proper view of legislative intent. The judge below relied on *Clark* v. *Regent Ins. Co.*, S.D. (1978) (270 N.W.2d 26 [1978]). The South Dakota Supreme Court noted that there are three types of uninsured motorist statutes. *Id.* at (*id.* at 28). See A. Widiss, A Guide to Uninsured Motorist Coverage § 2.41, at 154-156 (Supp. 1980). The first type covers "uninsured motorists" generally, with no mention of hit-and-run drivers.[3] The second statutory pattern, which obtains in Massachusetts, designates coverage for "hit-and-run motor vehicles" without defining that term. See note 2, *supra*. Third, some statutes define a "hit-and-run vehicle" specifically in terms of physical contact between the insured vehicle and the unidentified vehicle.[4] In the last category the statute itself precludes any challenge to the physical contact clause. Our perusal of decisions emanating from this third category of jurisdictions undercuts the statement of the *Clark* court, *supra* at n.3 (*supra* at 28 n.3), that twenty jurisdictions have upheld the physical contact requirement. We note that Georgia, Mississippi, New York, North Carolina, and South Carolina have upheld physical contact endorsements, not as a matter of policy but in conformity to a statutory directive. See note 4, *supra*. Once these cases are excised from the Clark list as inapposite to

---

[3] For this statutory pattern, some courts have accepted the theory that insurance contract provisions for hit-and-run coverage only where there is physical contact go beyond the statutory requisite to provide coverage against uninsured motorists and hence are valid as not being in derogation of expressed legislative policy. See, e.g., *Balestrieri* v. *Hartford Accident & Indem. Ins. Co.*, 112 Ariz. 160, 163 (1975); *Rosnick* v. *Aetna Cas. & Sur. Co.*, 172 Conn. 416, 419-420, 422-423 (1977).

[4] Our research reveals that the following nine States have inserted a physical contact or colliding requirement into their uninsured motor vehicle statute: Cal. Ins. Code § 11580.2(b)(A) (West Supp. 1981); Ga. Code Ann. § 56-407.1(b)(2) (Supp. 1980); Iowa Code Ann. § 516A.1 (West Supp. 1981); Miss. Code Ann. § 83-11-103 (Supp. 1980); Nev. Rev. Stat. § 690B.020 (1979); N.Y. Ins. Law § 617 (McKinney 1966); N.C. Gen. Stat. § 20-279.21(b)(3)b (Supp. 1979) (statute requires "collision between motor vehicles"); S.C. Code § 56-9-850 (1977); W. Va. Code § 33-6-31(e)(iii) (Supp. 1980).

the instant appeal, the tally diminishes to fourteen courts which have upheld a physical contact provision purely on policy grounds.[5]  See generally *Simpson* v. *Farmers Ins. Co.*, 225 Kan. 508, 514 (1979).  See also Annot., 25 A.L.R.3d 1299, § 4[a] (Supp. 1980).  As of this writing, seventeen courts have confronted nearly identical factual situations and have invalidated the contract term at issue.[6]

More persuasive than the numbers, however, is the rationale of the latter group of decisions.  All have considered and rejected the very basis upon which the judge below decided for the defendant.  First, none of these courts has limited the undefined term "hit-and-run" to require physical contact.  Also, our survey of both current and dated dictionaries produced only one which built the notion of a striking into its definition of "hit-and-run."  American heritage Dictionary of the English Language 625 (1969).[7]  In all

---

[5] The Clark court included Minnesota in its listing.  *Clark* v. *Regent Ins. Co.*,     S.D.     , n.3 (1978) (270 N.W.2d 26, 28 n.3 [1978]).  The Minnesota Supreme Court, however, has recently adopted an argument similar to that made by the plaintiff in light of the Minnesota Legislature's amendment of the uninsured motorist statute without reenacting the physical contact limitation.  *Halseth* v. *State Farm Mut. Auto. Ins. Co.*, 268 N.W.2d 730, 732 (Minn. 1978).

[6] The statutory underpinnings of these decisions diverge into two patterns:  (a) those which designate hit and run drivers explicitly, and (b) statutes which refer to unknown or uninsured motorists.  Category (a) includes:  *State Farm Mut. Auto. Ins. Co.* v. *Abramowicz*, 386 A.2d 670 (Del. 1978); *Halseth* v. *State Farm Mut. Auto. Ins. Co.*, *supra*; *Soule* v. *Stuyvesant Ins. Co.*, 116 N.H. 595 (1976); *Commercial Union Assurance Co.* v. *Kaplan*, 152 N.J. Super. 273 (1977); *Biggs* v. *State Farm Mut. Auto. Ins. Co.*, 569 P.2d 430 (Okla. 1977); *Farmers Ins. Exch.* v. *Colton*, 264 Or. 210 (1972) (statute covers no-contact "phantom vehicle"); *Clark* v. *Regent Ins. Co.*, *supra*; *Hartford Accident & Indem. Co.* v. *Novak*, 83 Wash. 2d 576 (1974).  Category (b) includes:  *State Farm Fire & Cas. Co.* v. *Lambert*, 291 Ala. 645 (1973); *Farmers Ins. Exch.* v. *McDermott*, 34 Colo. App. 305 (1974); *Brown* v. *Progressive Mut. Ins. Co.*, 249 So. 2d 429 (Fla. 1971); *DeMello* v. *First Ins. Co.*, 55 Haw. 519 (1974); *Simpson* v. *Farmers Ins. Co.*, 225 Kan. 508 (1979); *State Farm Mut. Auto. Ins. Co.* v. *Maryland Auto. Ins. Fund*, 277 Md. 602 (1976); *Montoya* v. *Dairyland Ins. Co.*, 394 F. Supp. 1337 (D.N.M. 1975); *Webb* v. *United Servs. Auto. Ass'n*, 227 Pa. Super. Ct. 508 (1974); *Doe* v. *Brown*, 203 Va. 508 (1962).

[7] Compare American Heritage Dictionary of the English Language 625 (1969) (hit-and-run: "designating or involving the driver of a motor vehi-

other lexical and decisional construction, "hit-and-run" is uniformly "synonymous with a car involved in an accident causing damages where the driver flees from the scene." *Hartford Accident & Indem. Co.* v. *Novak*, 83 Wash. 2d 576, 585 (1974). We are convinced that if the Legislature wanted to qualify the term "hit-and-run" to the narrower designation of physical contact, it would have inserted appropriate language to that effect. Compare statutes cited at note 4, *supra*. Instead, the Legislature has defined "hit-and-run" in other statutes without insistence on physical contact as an element of the term. See excerpts from G. L. c. 90, § 24 (2) (*a*); G. L. c. 260, § 4B, set out in the margin.[8] Utilizing the very principle of statutory construction advanced by the defendant, that words not specially defined are to be given their ordinary lexical meaning, *Commonwealth* v. *Zone Book, Inc.*, 372 Mass. 366, 369 (1977), we conclude that physical contact is not part of the usual and accepted meaning of the term "hit-and-run." Absent explicit legislative requirement that physical contact be shown, we can attribute no such connotation to the term "hit-and-run" as used in G. L. c. 175, § 113L. See generally *Soule* v. *Stuyvesant Ins. Co.*, 116 N.H. 595, 596-597

---

cle who drives on after striking a pedestrian or another vehicle"), with The Random House Dictionary 426 (Concise ed. 1980) (hit-and-run: "guilty of leaving the scene of an accident caused by a vehicle driven by oneself") and Webster's New Collegiate Dictionary 392 (1958) (hit-and-run: "That hits and runs away; — orig. and esp. used of motor-vehicle drivers who flee after being involved in an accident").

[8] General Laws c. 90, § 24 (2) (*a*), as amended through St. 1975, c. 156, § 1, establishes criminal penalties for "whoever without stopping and making known his name, residence and the register number of his motor vehicle goes away after knowingly colliding with or otherwise causing injury to any other vehicle or property."

General Laws c. 260, § 4B, as amended by St. 1954, c. 107, in relevant part prescribes the statute of limitations for hit-and-run tort actions: "Actions of tort for bodily injuries or for death or for damages to property against the owner or operator of a motor vehicle, the operator of which failed to make himself or said owner known at the time of the *accident* or *incident* out of which such actions arise may . . . be commenced within six months after the plaintiff learns of the identity of the defendant" (emphasis supplied).

(1976); A. Widiss, *supra* at 156. Moreover, if, as the defendant urges, a notion of striking inheres in the usual and ordinary meaning of "hit-and-run," then the policy language at issue would be superfluous. See *Hartford Accident & Indem. Co.* v. *Novak, supra* at 585. We conclude that the insurer, in drafting the uninsured motor vehicle endorsements, sought to restrict its liability to a scope narrower than the Legislature envisioned.

An additional aspect of the principle of statutory construction is that statutory words are to be given their usual and ordinary meaning considered in light of the aim to be accomplished by the Legislature. *Nantucket Conservation Foundation, Inc.* v. *Russell Management, Inc.*, 380 Mass. 212, 216 (1980). The aim of the uninsured motorist statute is to minimize the catastrophic financial loss for victims of automobile accidents caused by the negligence of uninsured tortfeasors. See 1968 Senate Doc. No. 1030, at 6-7. See also *Simpson* v. *Farmers Ins. Co., supra* at 514 (aim is to protect public from injury caused by motorists who could not make the injured party whole). Accord, *Halseth* v. *State Farm Mut. Auto. Ins. Co.*, 268 N.W.2d 730, 733 (Minn. 1978); *Soule* v. *Stuyvesant Ins. Co., supra* at 596; *Clark* v. *Regent Ins. Co., supra* at       (*supra* at 29). We believe it is wholly inconsistent with this broad remedial purpose to permit the insurer to evade mandated coverage by erecting an artificial, arbitrary barrier to recovery.

The defendant postulates that the physical contact endorsement serves to prevent fraudulent claims by requiring of the claimant tangible proof of collision with an uninsured vehicle. This argument succumbs to the overriding purpose of the legislation. Furthermore, elimination of this arbitrary physical contact requirement does not diminish the plaintiff's burden to prove that the accident actually did occur as she says.[9] We adopt the emerging and better reasoned view

---

[9] The specter of fraudulent claims raised by the defendant has not been persuasive to this court in other contexts. In eliminating the requirement of physical contact for recovery in negligence actions alleging emotional

of the claimant's evidentiary burden, epitomized in the words of the Florida court:

> "The argument that the policy requirement of physical contact is reasonable is fallacious. The only reason for such a requirement is to prove that the accident actually did occur as a claimant may say it did. This is a question of fact to be determined by the jury, or the judge if demand for jury trial is not made. If the injured party can sustain the burden of proof that an accident did occur, he should be entitled to recover, regardless of the actuality of physical contact. If twenty witnesses will swear they saw the accident happen, their testimony should not be deemed worthless, as it would be under the decision here for review." *Brown* v. *Progressive Mut. Ins. Co.*, 249 So. 2d 429, 430 (Fla. 1971).

See generally A. Widiss, *supra* at 156-157.

As to the defendant's argument that the Insurance Commissioner's approval of the policy provision evinces the Legislature's intent to incorporate a physical contact restriction, the Commissioner's approval is "hardly persuasive where, as here, the endorsement so clearly limits coverage in violation of a statute." *State Farm Mut. Auto. Ins. Co.* v. *Maryland Auto. Ins. Fund.*, 277 Md. 602, 606 (1976).

The summary judgment for the defendant is set aside. We remand to the Superior Court for entry of partial summary judgment in favor of the plaintiff on the question of liability and for further proceedings on the question of damages. Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974).

*So ordered.*

---

distress, this court has reasoned that "[t]he fact that some claims might be manufactured . . . cannot justify the wholesale rejection of all claims." *Dziokonski* v. *Babineau*, 375 Mass. 555, 566 (1978). See also *Agis* v. *Howard Johnson Co.*, 371 Mass. 140 (1976); *Lewis* v. *Lewis*, 370 Mass. 619 (1976); *Sorenson* v. *Sorenson*, 369 Mass. 350 (1975).