MARCEL E. HEROUX *vs.* SHELBY MUTUAL INSURANCE COMPANY OF SHELBY, OHIO. July 5, 1984. *Insurance*, Motor vehicle insurance. *Moped. Words*, "Motor vehicle."

While driving his moped on August 10, 1981, the plaintiff insured collided with an automobile. He settled his bodily injury claim for the limit provided under the insurance contract between the operator of the automobile and the operator's insurer. The plaintiff then submitted a claim to his insurer, the defendant, under that part of the policy entitled "Bodily Injury Caused by an Underinsured Auto." The policy excludes underinsured coverage for "anyone injured while occupying an auto owned or regularly used by [the insured] or a household member unless a premium charge for this Part is shown for that auto on your Coverage Selections page." The policy also provides that "[a]uto-means a land motor vehicle." No premium charge was shown on the plaintiff's policy for the "auto" (the moped) owned or used by the insured. On the plaintiff's motion for summary judgment, the judge concluded that the plaintiff's action was controlled by *Royal-Globe Ins. Co.* v. *Schultz*, 385 Mass. 1013 (1982), where denial of the insured's claim was upheld under the language of the policy (identical to the clause in the present instance) because "land motor vehicle" included a moped. Summary judgment was granted for the defendant, Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974), and the action was dismissed. We affirm.

The coverage selections page of the plaintiff's policy and his affidavit in support of his motion under rule 56 leave undisputed the fact that the plaintiff's moped was not covered by the insurance contract. The plaintiff, however, relies upon *Royal-Globe Ins. Co.* v. *Schultz*, 385 Mass. at 1013-1014 n.3 ("General Laws c. 90, § 1, expressly excludes 'motorized bicycles' from the definition of 'motor vehicles' for purposes of compulsory insurance coverage. However, noncompulsory coverage is solely concerned with the terms of the contract of insurance. *Cormier* v. *Hudson*, 284 Mass. 231, 233-234 [1933]") and argues that the insurance contract does not here control

because underinsured motor vehicle liability coverage became compulsory as of January 1, 1981, by reason of St. 1980, c. 532, amending G. L. c. 175, § 113L.

The definition of "motor vehicle" as used in a compulsory motor vehicle liability policy is to be construed with reference to the statutes with which it is intended to comply and with which the Commissioner of Insurance presumably found it did comply when its use was allowed or approved. See e.g., *Kenner* v. *Century Indem. Co.*, 320 Mass. 6, 10-11 (1946); *Surrey* v. *Lumbermens Mut. Cas. Co.*, 384 Mass. 171, 178 (1981). See also 12A Rhodes, Couch's Cyclopedia of Insurance Law § 45:695 (2d ed. rev. 1981); Martin & Hennessey, Automobile Law and Practice § 701 (2d ed. 1967). The defendant would have us include mopeds in our reading of the words "motor vehicle" as used in c. 175, § 113L.

We do not think that a reading of § 113L which excludes mopeds from underinsured motor vehicle liability coverage frustrates the Legislature's intent in amending that statute by St. 1980, c. 532. Cf. *Surrey* v. *Lumbermens Mut. Cas. Co.*, 384 Mass. at 176. General Laws c. 90, § 34A, sets out definitions for compulsory motor vehicle liability insurance purposes. "Motor vehicle" is therein defined by reference to c. 90, § 1, as appearing in St. 1976, c. 261, § 3, wherein it is provided that the "definition of 'Motor vehicles' shall not include motorized bicycles." At the same time that the Legislature excluded motorized bicycles from the definition of motor vehicles, it inserted G. L. c. 90, §§ 1B, 1C and 8B (see St. 1976, c. 261, §§ 4 and 5) which are directed to the "operation of motorized bicycles." *Commonwealth* v. *Griswold*, 17 Mass. App. Ct. 461, 462 (1984).

We are satisfied that had the Legislature, in amending § 113L in 1981, intended that "motor vehicles" be given a meaning different from that expressed in c. 90, § 1, "it would have inserted appropriate language to that effect." *Surrey* v. *Lumbermens Mut. Cas. Co.*, 384 Mass. at 176, just as it has done with other statutes dealing with the same topic. See e.g., *Commonwealth* v. *Baker*, 368 Mass. 58, 69 (1975). See generally 2A Sands, Sutherland Statutory Construction §§ 51.02 and 51.03 (4th ed. 1973).

Although compulsory insurance coverage is a matter controlled by statute, the insurance contract does not conflict with § 113L, and we conclude, therefore, that the defendant properly denied the plaintiff's claim.

*Judgment affirmed.*

*Joseph M. Losapio* for the plaintiff.
*Richard R. Eurich* (*Beth Anne Wolfson* with him) for the defendant.