## ARBELLA MUTUAL INSURANCE COMPANY *vs.* LARRY VYNORIOUS.

No. 92-P-1090.

Essex. December 11, 1992. - February 5, 1993.

Present: KASS, FINE, & PORADA, JJ.

*Insurance*, Motor vehicle insurance, Construction of policy, Uninsured motorist. *Snowmobile. Statute*, Construction. *Words*, "Auto," "Motor vehicle."

A snowmobile, operated off a public way, was not a motor vehicle for purposes of G. L. c. 175, § 113L, requiring insurance coverage for accidents caused by "uninsured motor vehicles"; consequently, a standard Massachusetts automobile insurance policy purchased by a Massachusetts resident, which was in effect at the time he was struck by a snowmobile on a trail in Maine, did not provide coverage for the injuries he received in the accident. [122-125]

CIVIL ACTION commenced in the Superior Court Department on March 8, 1991.

The case was heard by *Margot Botsford*, J., on a motion for summary judgment.

*Roland Segalini, Jr.*, for the plaintiff.

*William J. Pasquina* for the defendant.

FINE, J. This appeal raises the issue whether a snowmobile is a motor vehicle for purposes of compulsory uninsured motorist coverage. We conclude that it is not, except possibly when it is being used on a public way.

The material facts are not in dispute. On January 13, 1990, Larry Vynorious, a resident of Massachusetts, was standing on a snowmobile trail in Maine when he was struck by a snowmobile being driven by a person who carried no liability insurance covering the operation of that vehicle. Vynorious had purchased a standard Massachusetts automobile insurance policy from Arbella Mutual Insurance Company

(Arbella), which was in effect at the time of the accident. The policy, approved by the Division of Insurance, provided coverage for accidents caused by "uninsured . . . autos." The term "auto" is defined in the policy as "a land motor vehicle . . . but does *not* include: A. Any vehicle operated on rails or crawler treads . . . [or] C. A farm tractor or other equipment designed for use principally off public roads [unless it. is being used on public roads]." Vynorious filed a claim under the policy to recover for the injuries he received as a result of the accident, and, in accordance with the policy, he sought arbitration. Arbella brought this action seeking injunctive relief and a declaration that the policy did not cover accidents involving snowmobiles.

A Superior Court judge ordered entry of summary judgment in favor of Vynorious. As snowmobiles operate on crawler treads and are "designed for use principally off public roads," she determined, correctly, that the language of the policy excluded coverage for snowmobile accidents. She concluded, however, that the policy language could not be given effect because it provided coverage less comprehensive than that required by G. L. c. 175, § 113L, which governed compulsory uninsured motorist coverage. See *Surrey* v. *Lumbermens Mut. Cas. Co.*, 384 Mass. 171, 173 (1981); *Heroux* v. *Shelby Mut. Ins. Co.*, 18 Mass. App. Ct. 925, 926 (1984); *Wincek* v. *United States Fid. & Guar. Co.*, 28 Mass. App. Ct. 901 (1989). We do not think that G. L. c. 175, § 113L, generally requires uninsured motorist coverage for accidents involving snowmobiles, and, therefore, we vacate the judgment in favor of Vynorious.

General Laws c. 175, § 113L, requires that coverage be provided in certain minimal amounts for accidents caused by "uninsured motor vehicles." General Laws c. 90, § 34A, which sets out definitions for compulsory motor vehicle liability insurance purposes, refers to the definition of "motor vehicles" in G. L. c. 90, § 1, as amended through St. 1984, c. 77, § 2. That section defines "[m]otor vehicles," with cer-

tain specified exceptions,[1] as "all vehicles constructed and designed for propulsion by power other than muscular power." The judge concluded, and we agree, that snowmobiles do not fall within any of the specified exceptions. See *Lincoln* v. *Shea*, 361 Mass. 1, 4 (1972). Considering the over-all statutory scheme and the aim of the Legislature in enacting mandatory uninsured motorist coverage, however, we disagree that the term "motor vehicles," to which the exceptions relate, was intended to be construed so broadly as to include snowmobiles.

General Laws c. 90, by requiring, among other things, licensing of motorists, registration, inspections, and insurance, provides for the regulation, usually by the Registrar of Motor Vehicles, of the use of motor vehicles on the highways in Massachusetts. None of those requirements apply to snowmobiles. A separate chapter, G. L. c. 90B, dealing with motorboats and recreational vehicles, regulates "snow vehicles," or snowmobiles. They are required to be registered, see G. L. c. 90B, § 21, but with the director of the division of law enforcement of the Department of Fisheries, Wildlife and Environmental Law Enforcement, not the Registrar of Motor Vehicles. Licensing, see G. L. c. 90B, § 26, and insurance are not required. Of most significance is G. L. c. 90B, § 25, as inserted by St. 1970, c. 589, § 2, which prohibits the use of snowmobiles on any ·public way in Massachusetts, except in very specific limited circumstances.[2]

---

[1]The exceptions are: "railroad and railway cars, vehicles operated by the system known as trolley motor or trackless trolley . . . vehicles running only upon rails or tracks, vehicles used for other purposes than the transportation of property and incapable of being driven at a speed exceeding twelve miles per hour and which are used exclusively for the building, repair and maintenance of highways or designed especially for use elsewhere than on the travelled part of ways, wheelchairs owned and operated by invalids and vehicles which are operated or guided by a person on foot. . . . The definition of "Motor vehicles shall not include motorized bicycles."

[2]Those circumstances are: emergency conditions "which render public ways impassable to conventional motor vehicles . . . but only for such purposes as may be necessary for the health and safety of persons in the area of such emergency."

"[S]tatutory words are to be given their usual and ordinary meaning considered in light of the aim to be accomplished by the Legislature." *Surrey* v. *Lumbermens Mut. Cas. Co.*, 384 Mass. at 177. The usual and ordinary meaning of the term "motor vehicles" would not necessarily include such motorized vehicles as boats, airplanes, and snowmobiles, not designed for highway use. Looking to the legislative purpose behind the enactment of compulsory uninsured motorist protection, we find support for the more limited definition of the term "motor vehicles." "The aim of the uninsured motorist statute is to minimize the catastrophic financial loss for victims of automobile accidents caused by the negligence of uninsured tortfeasors." *Surrey* v. *Lumbermens Mut. Cas. Co.*, 384 Mass. at 177. See *Cardin* v. *Royal Ins. Co. of America*, 394 Mass. 450, 454 (1985); *Hartford Ins. Co.* v. *Hertz Corp.*, 410 Mass. 279, 285 (1991). See also 1968 Senate Doc. No. 1030, in which it is stated, at 7: "[Uninsured motorist coverage] is the type of coverage which we feel all our people should have in order to minimize the possibility of their subjection to catastrophic financial loss as victims of an automobile accident." Use of the term "automobile" in the cases and the legislative history indicates concern about accidents caused by vehicles of the kind ordinarily used on highways. Thus, in *Hein-Werner Corp.* v. *Jackson Indus., Inc.*, 364 Mass. 523, 529 (1974), the court, although in a different context, stated that "beyond doubt" the definition of "motor vehicles" used in G. L. c. 90, § 1, "includes only the vehicles which are designed for regular use in the transportation of persons and property on the traveled part of public highways. Just as clearly, many kinds of special vehicles . . . are excluded." Snowmobiles, being vehicles not designed for regular use on public highways, do not fall within that definition.

Although not conclusive, it is at least of some significance that the Commissioner of Insurance, exercising his authority under G. L. c. 175, § 113A, approved the policy language excluding coverage for snowmobile accidents, presumably finding compliance with the requirements of G. L. c. 175, § 113L. See *Kenner* v. *Century Indem. Co.*, 320 Mass. 6, 10-

11 (1946); *Heroux* v. *Shelby Mut. Ins. Co.*, 18 Mass. App. Ct. at 926. Vynorious argues, and the motion judge reasoned, on the other hand, that the definition of "snow vehicle" (snowmobile) in G. L. c. 90B, § 20, as "a motor vehicle designed to travel over ice or snow . . ." supports their interpretation that snowmobiles are "motor vehicles." Most likely, the Legislature did not consider what the implications might be when it used the term "motor vehicle" in the context of defining snow vehicle. We do not think the use of the term in that definition is convincing evidence of a legislative intent to bring snowmobiles within the definition of "motor vehicles" in G. L. c. 90, § 1, or within the category of vehicles to which compulsory uninsured coverage applies. On the contrary, we assume that the Legislature, in the interest of controlling automobile insurance rates, would have sought to limit insurers' liability for losses occurring in situations such as snowmobile accidents, in which the availability of insurance coverage is unlikely. Compare *Heinrich-Grundy* v. *Allstate Ins. Co.*, 402 Mass. 810, 814 (1988).[3]

We need not decide in this case whether an accident *on a public way* involving a snowmobile operated by an uninsured person would be within the compulsory coverage.

Accordingly, we vacate the judgment entered for Vynorious and enter judgment for Arbella declaring that the insur-

---

[3]Our result is consistent with the weight of authority elsewhere. Many other State courts have concluded that accidents involving snowmobiles do not fall within compulsory uninsured motorist coverage when they occur off the public ways. See *Keely* v. *Allstate Ins. Co.*, 835 P.2d 584 (Colo. App. 1992); *Detroit Auto. Inter-Ins. Ex.* v. *Spafford*, 76 Mich. App. 85 (1977); *Rooney* v. *Detroit Auto. Inter-Ins. Ex.*, 94 Mich. App. 448 (1979); *Gallo* v. *J.C. Penney Cas. Ins. Co.*, 328 Pa. Super. 267 (1984). See also *Chase* v. *State Farm Mut. Auto. Ins. Co.*, 131 Ariz. 461 (Ct. App. 1982) (golf cart). Other State courts have concluded that snowmobiles are not motor vehicles for insurance purposes. See *Freeman* v. *State Farm Mut. Auto. Ins. Co.*, 159 Mich. App. 699 (1987); *State Auto. & Cas. Underwriters* v. *Runia*, 363 N.W. 2d 818 (Minn. Ct. App. 1985); *McConnell* v. *Fireman's Fund Am. Ins. Co.*, 79 Misc. 2d 219 (N.Y. 1974), affd., 49 A.D.2d 676 (N.Y. 1975). Contrast *Metropolitan Property & Liab. Ins. Co.* v. *Kott*, 62 Ohio St. 2d 114 (1980); *Sentry Ins. Co.* v. *Castillo*, 574 A.2d 138 (R.I. 1990).

ance policy does not provide coverage for injuries received in the snowmobile accident.

*So ordered.*