Graham, J.
This is an action for declaratory relief brought by Hanover Insurance Company (“Hanover”) to determine its rights and obligations with respect to a claim filed by Patricia Connell (“Connell”) under the uninsured motorist provision of her automobile insurance policy. The parties have cross-moved for summary judgment. For the following reasons, defendant’s motion for summary judgment must be allowed and *424 plaintiffs motion for summary judgment must be denied.
BACKGROUND
The following facts are undisputed:
On March 9, 1992, Connell was involved in a motor vehicle accident in which her vehicle was struck from behind by another vehicle. She and the other driver pulled over to the side of the road and got out of their cars. Connell stated that she was unhurt, and there appeared to be no damage to either vehicle. The other driver then “got in his car and he left.” Deposition of Patricia Connell p. 13. Connell did not obtain his identity. Several hours later, Connell noticed that she had in fact sustained injuries, and she reported the accident to the police. She was subsequently unable to ascertain the identity of the other driver, and she filed a claim for coverage under the uninsured motorist provision of her own automobile insurance policy with Hanover.
DISCUSSION
The sole issue is whether Connell may recover uninsured motorist benefits where the driver of the other automobile stopped his car but Connell failed to ascertain his identity because she was unaware that she had been injured.[1] This is an issue of first impression in Massachusetts. The Court holds that she may recover.
The uninsured motorist clause of Connell’s standard automobile insurance policy provides:
. . . Some accidents involve unidentified hit and run autos. Under this Part, we will pay damages for bodily injury to people injured or killed in certain accidents caused by uninsured or hit and run autos. We will pay only if the injured person is legally entitled to recover from the owner or operator of the uninsured or hit and run auto. We will pay for hit and run accidents only if the owner or operator causing the accident cannot be identified.
Whether Connell is entitled to recover depends on whether her accident falls within the definition of “hit and run.”
A narrow definition of “hit and run” is not in keeping with the broad remedial purpose of G.L.c. 175, §1130. See Surrey v. Lumbermens Mut. Casualty Co., 384 Mass. 171, 177 (1981), and cases cited. There, the Court held that a literal “hit” was not required for there to be a hit-and-run accident. Id. “ ‘[H]it-and-run’ is uniformly ‘synonymous with a car involved in an accident causing damages where the driver flees the scene.’ ” Id. at 177, quoting Hartford Accident & Indem. Co. v. Novak, 83 Wash.2d 576, 585. (1974). Here, the court holds that there similarly need not be a literal “fleeing” or “run” for there to be a hit-and-run accident.
This Court holds that the better rule is to allow recovery where a driver has been injured by the negligence of another motorist who, for whatever reason, has failed to provide his identity. See also In re Riemenschneider, 20 N.Y.2d 547 (1967); Mangus v. Doe, 203 Va. 518 (1962); Walsh v. State Farm Mut. Automobile Ins. Co., 91 Ill.App.2d 156 (1968).
In so holding, the Court is aware of the objections that Hanover raises in opposition. However, the rule does not open the doors to a flood of claims, nor does it increase the possibility of fraud. First, it clearly remains in an accident victim’s best economic interest to attempt to ascertain the identify of the other driver and to file the claim against that driver’s insurance policy. Second, the same mechanism by which insurance companies weed out fraudulent claims where the other driver purportedly failed to stop, will equally weed out fraudulent claims in any other situation where the negligent driver’s identity has not been obtained.
ORDER
For the foregoing reasons, the plaintiffs motion for summary judgment is hereby DENIED, and the defendant’s motion for summary judgment is hereby ALLOWED. It is further ORDERED that declaratory judgment enter as follows:
The Court declares that under the specific facts of this case the vehicle which came in contact with the defendant’s vehicle was a hit-and-run vehicle as defined by Hanover’s policy.

 The parties do not dispute that Connell is otherwise legally entitled to recover from the driver of the other vehicle.