Gants, J.
Early in 1997, Thermedics Detection, Inc. (“Thermedics”) retained the defendants — the Simmons Agency, Inc. and its principals, Jonathan and Robert Simmons (collectively, “Simmons”) — as private investigators to learn whether the plaintiff, John Fordham (“Fordham”), was the source of information they believed to be defamatory. During the course of its private investigation, Simmons removed Fordham’s garbage from the trash barrels outside his home and reviewed papers found in his garbage.[1] Fordham has filed this action against Simmons, alleging trespass, conversion, invasion of privacy, conspiracy, and violations of G.L.c. 93A.
During the course of discovery, Fordham has requested Simmons’ entire file on Fordham and all documents, notes, correspondence, photographs, videotapes, and audiotapes regarding his investigation of Fordham. Simmons has provided Fordham with those documents that concern the so-called “trash pull,” but has refused to provide any other documents. Fordham has also requested essentially these same documents with respect to any investigation that Simmons conducted of Fordham’s friends and colleagues. Simmons has refused this request in its entirety.
Simmons rests its refusal on a provision in G.L. 147, §28, which it contends establishes an investigator’s privilege. G.L. 147, §28, in pertinent part, provides:
Any person who is or has been an employee of a licensee[2] and any licensee who divulges to anyone other than to his employer or as his employer shall direct, except before an authorized tribunal, any information acquired by him during such employment in respect to any of the work to which he has been assigned by such employer . . . shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than one year, or both. *292 whether the finding that the disclosure was “required by law” must be made before the disclosure or could be made subsequently,
*291 G.L. 147, §28. Simmons argues that this provision grants it an absolute privilege as to investigatory information in all civil litigation; Fordham contends that this statute grants no such privilege.
Fordham now asks this Court to overrule Simmons’ claim of privilege and order it to produce the documents sought in discovery. Simmons asks this Court to uphold its claim of privilege, and grant it a protective order regarding these documents. In short, the parties ask this Court to determine whether G.L.c. 147, §28 creates an investigator’s privilege and to declare the contours of any such privilege.[3]
DISCUSSION
The predecessor of G.L. 147, §28 was originally enacted in 1919; the present statute was enacted in 1960 with the phrase — "except as may be required by law" — replaced by the phrase —"except before an authorized tribunal." There is no legislative history to aid the Court in discerning why the change was made, but one can discern the consequence of the change and infer that the Legislature intended the natural consequence of its conduct. Until 1960, a private investigator who divulged information obtained during his private investigation to anyone other than his employer or as his employer directed committed a crime unless the disclosure was “required by law.” After the amendment, the same disclosure was not a crime if it was made “before an authorized tribunal.” The pre1960 language was ambiguous as to:
*292 whether a disclosure made during a court proceeding without objection could still be a crime if the disclosure was never found to be “required by law,” and
whether the finding that the disclosure is “required by law” could be made only by a court or could be made by an administrative hearing officer.
With the 1960 amendment, these ambiguities were resolved — the disclosure was not a crime if it was made “before an authorized tribunal” regardless of whether formal findings were made as to the legality of the disclosure. In short, if an “authorized tribunal” permitted the disclosure, with or without objection, the private investigator making the disclosure was not committing a crime. What was not resolved by the 1960 amendment was the standard, if any, the authorized tribunal should use in determining when to permit or require disclosure of the fruits of a private investigation.
There is only one case in which any Massachusetts appellate court sought to interpret G.L.C. 147, §28, and it preceded the 1960 version of the statute. In Attorney General v. Pelletier, a witness on cross-examination at a civil proceeding claimed that G.L.c. 147, §28 afforded him a privilege to refuse to disclose the results of his investigation. 240 Mass. 264, 306-07 (1922). The Supreme Judicial Court in Pelletier held that G.L.c. 147, §28 did not create a testimonial privilege and compelled the private investigator to testify at trial. Id. at 306-07. The Court declared:
That statute affords no privilege to an employee summoned as a witness in court. The words “as he may be required by law to do” mean that such employee may be required to give pertinent, relevant and competent testimony as to facts, which he is otherwise forbidden to divulge, concerning an issue under investigation in court. The statute was not intended to hamper the administration of justice but simply to provide for the licensing and regulation of private detectives and to protect them, so far as possible, from faithless employees.
Id, at 307.
Fordham, relying on Pelletier, contends that the purpose of this statute is solely to regulate the licensing of private investigators, not to create any testimonial privilege. He argues that the addition of the language, “except before an authorized tribunal,” should be liberally construed to imply all proceedings relating to litigation, including discovery in a civil action. Simmons, on the other hand, argues that the statute confers an almost-absolute privilege upon private investigators. He interprets the language, “except before an authorized tribunal,” to mean that such disclosure is permitted only in proceedings before administrative bodies that regulate the conduct of private investigators.
The holding in Pelletier wholly undermines Simmons’ argument that the statute creates a broad testimonial privilege. The usual and ordinary meaning of the word “tribunal,” defeats his argument that disclosure is limited to private investigator regulatory proceedings. In the absence of legislative history, statutory words are to be given their usual and ordinary meaning, considered in light of the aim to be accomplished by the Legislature. Surrey v. Lumbermens Mut. Cas. Co., 384 Mass. 171, 177 (1981). While the definition section of G.L.c. 147 fails to define “tribunal,” G.L.c. 209D, which governs domestic relations, defines the term as “a court, administrative agency, or quasi-judicial entity authorized to establish, enforce, or modify . . . orders . . .” G.L.c. 209D, §1-101(22). This statutory definition conforms with those found in popular dictionaries. Webster’s Dictionary defines “tribunal” as “a court of justice” and “one empowered to determine or judge.” Webster’s II New College Dictionary 1176 (1999). Black’s Law Dictionary defines “tribunal” as “a court or other adjudicatory body.” Black’s Law Dictionary 1512 (rev. 17th ed. 1999). Based on the meaning the Legislature has given “tribunal” in G.L.c. 209D and the plain, ordinary use of the word, this Court concludes that the Legislature meant to protect from criminal prosecution all disclosures made by private investigators before any judicial or quasi-judicial bodies empowered to issue, modify and enforce orders, including courts and administrative agencies. If, as Simmons contends, the Legislature intended to narrow the statute to bar disclosure before courts and permit it only before regulatory boards that oversee the conduct of private investigators, it would have done so expressly.
Concluding that the statute does not create a testimonial privilege for private investigators and that disclosure may lawfully be permitted in any judicial or quasi-judicial proceeding does not resolve this matter. Two more questions need to be resolved:
1. Does the absence of a testimonial privilege mean that a private investigator has no ability to protect the fruits of a private investigation from disclosure “before an authorized tribunal”?
2. Is a disclosure made “before an authorized tribunal” when it is sought in discovery in civil litigation?
If the answer to both these questions is “yes,” a private investigator’s case file would enjoy no protection during litigation, and could be obtained in discovery simply by the issuance of a subpoena. This would mean that a person being investigated by a private investigator could obtain the file describing what was learned during the course of the investigation simply by filing a law suit that satisfies the minimal requirements of Mass.R.Civ.P. 11(a) and issuing to the private *293 investigator a request for the production of documents or a notice of deposition with a subpoena duces tecum.
This Court shall pursue a cautious, pragmatic course to resolve these questions. While G.L.c. 147, §28 does not create a testimonial privilege, it does create a safe harbor — a private investigator need not fear criminal prosecution if he makes the otherwise forbidden disclosure “before an authorized tribunal.” When the private investigator is appearing as a witness at trial, he can be certain when he rests within the safe harbor — if the judge permits him to testify about the fruits of his investigation, he cannot be prosecuted for giving that testimony. When the private investigator, however, is asked for documents in civil discoveiy or asked to testify at a civil deposition, he cannot be certain that he rests within the safe harbor of the statute, in light of its ambiguity, unless he affirmatively obtains direction from the court. Therefore, the prudent private investigator with a subpoena directing him to produce his investigative file before trial should file a motion for a protective order from the court under Mass.R.Civ.P. 26(c) seeking a directive from the Court as to disclosure that will provide him with the safe harbor that the statute, because of its ambiguity, cannot provide.
In considering under Mass.R.Civ.P. 26(c) whether the private investigator should be protected from providing the discoveiy that is sought because of “annoyance, embarrassment, oppression, or undue burden or expense,” this Court may balance the litigants’ need for the discovery with the dangers posed by such discoveiy to the witness and to the public interest, much as it does when journalists, personnel files, income tax returns, or trade secrets are subpoenaed. See generally Ayash v. Dana-Farber Cancer Institute, 46 Mass.App.Ct. 384, 387-89 (1999) (court must balance a journalist’s First Amendment rights with the litigants’ need for the information and the public interest in having every person’s evidence); Bratt v. International Business Machines Corp., 392 Mass. 508, 520-23 (1984) (court must balance the litigants’ need for discovery of personal employee information with the intrusion upon the employee’s privacy interest); Town Taxi Inc. v. Police Commissioner of Boston, 377 Mass. 587-89 (1979) (court must balance the litigants’ need for discovery of tax returns with the taxpayer’s interest in preserving the confidentiality of those returns); Kimball v. Liberty Mutual Ins. Co., 1999 Mass.App.Div. 298 (1999) (court must balance the litigants’ need for discoveiy of trade secrets with the business’s legitimate interest in protecting trade secrets). This Court can certainly imagine circumstances when that balancing test may dictate the need to bar or limit the scope of disclosure when substantial privacy interests would be invaded or the integrity of a private investigation would be jeopardized, and the information is not necessary to the fair adjudication of the litigation.
Applying that balancing test here, this Court distinguishes between the document requests that focus on Simmons’ investigation of Fordham and those that focus on Simmons’ investigation of Fordham’s friends and colleagues. As to the investigation conducted by Simmons on Fordham, this Court finds that the balance falls strongly in favor of disclosure of each of the requests identified in Exhibit A from the Plaintiffs First Request for Production of Documents.[4]
As to the investigation conducted by Simmons on Fordham’s friends and colleagues, these individuals certainly have a substantial privacy interest in the private investigation conducted upon them, but all have agreed in writing to permit disclosure to Fordham of any documents that pertain to those investigations. Consequently, there is no basis for a protective order to protect the interests of these third parties. Nor is this Court persuaded that these document requests aré not “reasonably calculated to lead to the discovery of admissible evidence” and intended only to annoy, embarrass, or oppress. See Mass.R.Civ.P. 26(b)(1) and (c). Since it is hotly disputed whether Simmons trespassed onto Fordham’s property to take his garbage, it is certainly relevant whether “trash pulls” were also done on Fordham’s friends and colleagues because this may shed light on whether Simmons had any pattern or practice as to how they conducted these “trash pulls.” Therefore, this Court finds that the balance also falls in favor of disclosure of each of the requests identified in Exhibit A from the Plaintiffs Second Request for Production of Documents.
ORDER
For the reasons stated above, Fordam’s motion is ALLOWED. This Court hereby overrules Simmons’ claim of privilege and orders it to produce the documents sought in the Plaintiffs First and Second Requests for Production of Documents that were identified in Exhibit A to the motion.

The parties dispute whether or not Simmons trespassed onto Fordham’s property to remove the garbage from the trash barrels.

Licensee refers to a person licensed by the State Police to engage in the private detective business. G.L.c. 147, §25.

It is important to note that Simmons has not contended in its motion papers or at the motion hearing that its private investigation was done at the direction of an attorney in anticipation of litigation, and that these documents are protected under the attorney work product doctrine. Mass.R.Civ.P. 26(b)(3). Consequently, nothing in this decision speaks to the issue of whether such documents are subject to disclosure when the investigator is acting as the agent of an attorney.

This Court notes that, at the hearing, Fordham’s counsel informed the Court that a settlement had been reached with Thermedics regarding all matters in dispute, so disclosure of Simmons' case file to Fordham cannot now interfere with Thermedics’ investigation of him.