Locke, Jeffrey A., J.

INTRODUCTION

The plaintiff, Pilgrim Insurance Company (“Pilgrim”) , brought a declaratory action against the defendants, Marie Puverge (“Puverge”), and her daughter, Marsha Molard (“Molard”), seeking a declaratory judgment that a policy issued to Puverge does not provide uninsured motorist benefits coverage to Molard for injuries stemming from an alleged motor vehicle accident occurring on or about October 16, 2002. As grounds therefor, Pilgrim argues that Molard’s notice of the accident was late and inadequate under the terms of the policy and that she is unable to prove that an uninsured vehicle had caused the accident. However, Molard contends that her notice was proper under the circumstances and that she has established a claim for uninsured motorist benefits because the accident at issue was a “hit-and-run” accident. Prior to the present action, Molard filed an arbitration action pursuant to G.L.c. 251 (“the Underlying Complaint”), seeking appointment of an arbitrator to resolve the same uninsured motorist claim. The matter is now before the court on Pilgrim’s Motion for Summary Judgment and Molard’s Cross Motion for Summary Judgment. For the reasons set forth below, Plaintiffs Motion for Summary Judgment is ALLOWED and the Defendant’s Cross-Motion for Summary Judgment is DENIED and the Underlying Complaint is DISMISSED.

BACKGROUND

The relevant facts of this case are undisputed. Pilgrim is a Massachusetts corporation having its principal place of business at 695 Atlantic Avenue, Boston, Massachusetts. Molard is a resident of Pompano Beach, Florida. Puverge is a resident of Auburn, Massachusetts.
At all relevant times, Puverge was an insured of Pilgrim under Massachusetts Automobile Insurance Policy (“Policy”), number UMA1569021. The Policy limited uninsured motorist benefits to $20,000 - $40,000.
During the afternoon hours of October 16, 2002, Molard called Yellow Cab, a taxi service, and ordered a cab to take her from downtown Worcester to her residence in Auburn. Molard was eighteen years old at the time and living with her mother. After the taxi cab picked her up, Molard claims that the cab driver ran a yield sign while coming off an exit ramp and collided into the rear of a Dodge caravan. According to Molard, she was then thrown forward and backwards in her seat with her head hitting the seat in front of her and her neck hitting the back seat as a result of the collision. The cab driver immediately got out of his vehicle to speak with the van driver involved in the accident but no information was exchanged. During this time, Molard remained inside the cab and was shaken up by the accident. According to Molard, she did not speak to the van driver but did overhear the cab driver tell him that there was not much property *477 damage done to the car. During that time, she did not notice any injuries on her person. The police were not called to the scene nor was a police report ever filed concerning the accident. Following the collision, the cab driver dropped Molard off at her mother’s home in Auburn. About an hour or so after the accident, Molard began to develop pain in her neck and lower back. Molard grew increasingly concerned and went to UMASS Hospital the next day where a physical exam and radiology studies were performed on her. The medical reports from this visit revealed no fractures or structural injuries. However, when Molard’s symptoms persisted, she went to the New England Chiropractic Center where Dr. Jon M. Trister (“Dr. Trister”), a chiropractor, evaluated her. Dr. Trister opined that Molard had suffered whiplash-related injuries and started her on a chiropractic treatment program in the form of muscle stimulation, adjustments, exercise training, and massage. Around this time, Molard retained an attorney to handle her personal injury claim.
On October 20, 2002, two weeks after the alleged accident, Molard noticed Yellow Cab of her claim for personal injuries via certified mall, return receipt requested. In the notice, Molard indicated that a white male was operating the Yellow Cab taxi at the time of the car accident. Molard did not provide any information as to the identity or the addresses of the drivers involved in the collision. Based on the limited information Molard provided and the fact that there was no police report or other report filed about the accident, Yellow Cab was unable to identify the driver or owner of the cab allegedly involved in the accident. After Molard’s attempts to locate the cab failed, Molard then noticed Pilgrim of her claim for uninsured motorist benefits under her mother’s insurance policy on June 27, 2003, more than 8 months after the alleged accident.
In the first notice provided to Pilgrim, Molard had incorrectly spelled her mother’s last name. The notice had spelled it as Poverge instead of Puverge. Molard eventually corrected this typographical error when she served a second notice of her claim to Pilgrim on February 6, 2004. On February 12, 2004, Pilgrim confirmed the existence of the policy and its limits, but eventually denied coverage for the claim on the grounds that notice provided by Molard was untimely and inadequate. As well, Pilgrim claims that Molard is unable to prove that an uninsured vehicle had actually caused the alleged accident.
The following relevant provisions appear in the in Policy.

WHEN THERE IS AN ACCIDENT OR LOSS . . .

Second, Notify the Police, Registry, or Fire Department
Under Massachusetts law, notice to the local or state police and the Registry of Motor Vehicles is require required within 5 days if there is anyone injured in an accident, no matter how slight the injury, or if there is reason to believe that there has been over $1,000 in total properly damage.

Within 24 hours, notify both the police and us if your auto is stolen or if you have been involved in a hit-and-run accident.

Third, File The Claim With Us
We do not know about the accidents or losses until you or someone notifies us. We, or our agent, must be notified promptly of the accident or loss by your or someone your behalf. The notification should include as many details as possible, including names and addresses of drivers, injured persons and witnesses. If you or any person seeking payment under this policy fail to notify us promptly of any accident or claim under Parts 2, 3, 5, or 12 of this policy, we may not be required to pay claims under any of these parts.
Notice Provision. Insurance Policy. (Emphasis supplied.)
On March 12, 2004, Molard filed an arbitration action pursuant to G.L.c. 251 regarding uninsured motorist benefits under the Policy. On December 6, 2004, Pilgrim filed a declaratory action seeking a declaratory judgment that it is not liable to Molard for uninsured motorist benefits under the Policy.

DISCUSSION

I. Standard of Review

Summary judgment shall be granted where there are no material facts in dispute and the moving pariy is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment. Pederson v. Time, Inc., 404 Mass. 404 at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). All the evidence must be viewed in the light most favorable to the non-moving *478 party. Williams v. Hartman, 413 Mass. 398, 401 (1992).

II. Notice

Pilgrim asserts that it is entitled to summaiy judgment because Molard’s failure to notify Pilgrim promptly of her claim in accordance with the terms of the Policy unfairly prejudiced Pilgrim’s interests. More specifically, Pilgrim contends that it was deprived of the opportunity to fully investigate her claim and left with no way to corroborate the accident’s occurrence because Molard did not provide actual notice of her claim until 15 months after the alleged accident. Even assuming that the accident occurred, Pilgrim maintains that it was still prejudiced because it was unable to ascertain the individuals involved in the accident, who they were insured by, what damage, if any, the vehicles sustained, and what witnesses (if any) would say about the severity of the accident or any other relevant post-accident comments because of Molard’s untimely notice.
Pilgrim also contends that Molard’s notice was inadequate because it failed to include specific details about the accident, including names and addresses of drivers, injured persons, and witnesses. In response, Molard argues that the notice she provided to Pilgrim was proper under the circumstances because the car accident was a hit-and-run, thereby exempting her from certain notice requirements. Molard relies on the Massachusetts uninsured motorist statute, G.L.c. 175, §113L(1), and Commerce v. Mendoca, 57 Mass.App.Ct. 522 (2003), in support of her argument that no duly is imposed upon a plaintiff to obtain identifying information from a hit- and-run driver especially where she is unaware of any injuries at the time of the collision.
In its Opposition to Molard’s Cross Motion for Sum-maiy Judgment, Pilgrim contends that Molard is es-topped from arguing that the accident was a hit-and-run because this is the first time she is asserting this position since her claim arose four years ago. Further, Pilgrim contends that Molard has made no attempts to amend any pleadings to clarify the nature of her uninsured claim. Assuming arguendo that Molard’s hit-and-run claim is valid, Pilgrim asserts that it is still entitled to summaiy judgment because Molard failed to comply with the Policy’s notice requirements for hit-and-run accidents.

I. Hit-and-Run Vehicle

We first turn to the issue of whether the alleged collision constitutes a hit-and-run accident. Because the term “hit-and-run” is not defined in the policy or in the uninsured motorist statute, we begin by examining how Massachusetts courts have interpreted that term. To date, Massachusetts courts have broadly construed the term “hit-and-run” in the context of G.L.c. 175, §113L(1), by rejecting a literal interpretation that requires an actual “hit” between two vehicles in order for there to be recoveiy in a “hit and run” accident. See Surrey v. Lumbermens Mut Cas. Co., 384 Mass. 171, 176 (1981); Commerce v. Mendoca, 57 Mass.App.Ct. 522, 526-27 (2003). In Surrey, the Supreme Judicial Court (“SJC”) determined that the uninsured motorist statute’s policy, which seeks to “minimize” the catastrophic financial loss for victims of automobile accidents caused by the negligence of uninsured tortfeasors, outweighed the “arbitraiy physical contact requirement" because it contravened the greater remedial purpose of chapter 175. Id. at 176.
The Massachusetts Appeals Court in Mendocalikewise rejected a literal approach to the term “run” as requiring flight from the scene of a hit-and-run accident because to do so would leave a gap in mandated coverage by arbitrarily providing protection to some but not others. Id. at 525-26. In Mendoca, the plaintiff was a passenger in a car when it was rear-ended by a vehicle. Id. at 522-23. Following the collision, the cab driver asked the plaintiff and another passenger if they were “ok,” and they answered in the affirmative. Id. at 523. The cab driver then exited the vehicle and spoke to the other driver before each inspected his respective vehicle and agreed that there was no significant damage. Id. The two drivers then drove away. Id. No identifying information was requested or obtained. Id. Some time after the accident, the plaintiff discovered that she had been injured and as a result, she sought compensation under the uninsured motorist provision of her insurance policy. Id. Even though neither of the drivers had fled the scene, the Massachusetts Appeals Court nevertheless concluded that the collision fell within the meaning of “hit-and-run” as a matter of public policy. Id. Consistent with the non-literal approach taken in Surrey for the meaning of “hit-and-run,” the Massachusetts Appeals Court determined that a hit-and-run encompasses situations where the tortfeasor does not immediately flee, but nevertheless leaves the accident scene before being identified. Id. To do so otherwise, the SJC explained, would unfairly protect a person injured by an identified, or an uninsured operator, while denying protection when the operator does not immediately flee but nevertheless leaves the accident scene without being identified. Id. at 526.
Here, the alleged collision constitutes a hit-and-run under the broad parameters articulated by the Massachusetts appellate courts. The summaiy judgment record indicates that a Yellow Cab taxi in which Molard was a passenger ran a yield sign and then rear-ended the Dodge caravan, thus making physical contact sufficient to establish a “hit.” Further, the facts of this case also implicate a “run” identical to the one in Mendoca. Specifically, the drivers stopped to survey their car for damage, but never exchanged personal information before leaving the scene. Molard, like the plaintiff in Mendoca, was unaware of her injuiy at the time of the collision and therefore, never asked for the drivers’ identifications. Having established that the collision is a hit-and-run, the law inteiposes no duty on Molard, who was unaware of an injuiy at the time of the collision, to identify the operator of the vehicle responsible for the collision. See Mendoca, 57 Mass.App.Ct. at 527.

*479
II. Timeliness of Notice and Prejudice

A. Time

After concluding that the alleged collision constitutes a hit-and-run, the next issue this court will address is whether Molard complied with the notice provisions for hit-and-run accidents. More precisely, the issue before this court is whether Molard provided timely and adequate notice to Pilgrim of the alleged hit-and-run. What constitutes timely notice under an insurance policy is a matter of contract interpretation and is therefore “a matter of law for the court.” Monadnock Display Fireworks, Inc. v. Andover, 388 Mass. 153, 157 (1983); citing, Atl. & Pac. Tea Co. v. Yanofsky, 380 Mass. 326, 334 (1980). In this case, the relevant notice provisions in the Policy as stated above clearly require an insured to notify both the police and Pilgrim within 24 hours of a hit-and-run accident. Massachusetts courts rarefy excuse the 24-hour notice requirement applicable to hit-and-run accidents. For instance, in Royal-Globe v. Craven, the insured was involved in a hit-and-run accident and was disabled in the hospital for twenty-three days. Id., 411 Mass. 629, 630-31. The insured provided notice of her claim to Royal-Globe more than three months after she was released from the hospital. The SJC held that although a disability caused by a hit-and-run accident was sufficient to excuse the 24-hour notice requirement case, the policy still required prompt notice, which the insured failed to provide. Id. More specifically, the SJC explained that regardless of when the insured’s disability was removed, providing notice more than three months after her release from the hospital was not reasonably prompt under the circumstances. Id.
In the case at bar, there is no evidence suggesting that Molard was “disabled” like the insured in Royal Globe, which would excuse her from providing the requisite 24-hour notice. It is not in dispute that Molard was never hospitalized or placed in intensive care for her alleged injuries stemming from the hit-and-run. Molard first learned of her injury about an hour after the alleged accident, well within twenty-four hours. Nevertheless, Molard did not provide notice to Pilgrim of the alleged hit-and-run until fifteen months after the accident and when she first learned of her injury.[2] In light of the prevailing case law, this court finds that notice is untimely under the circumstances as a matter of law.[3]

B. Prejudice

While Molard’s notice was untimely, Pilgrim still must demonstrate that this delay prejudiced its interests. Goodman v. Am. Cas. Co., 419 Mass. 138, 141 (1994) (in order to deny coverage based on “an insured’s failure to notify the company seasonably of an occurrence that might give rise to liability” an insurance company must also demonstrate that the delay prejudiced its interests). This requirement, in essence, protects an insurer’s contractual right to “determine promptly — while the evidence and memories are still fresh — the validity of any loss for which it might become liable.” Mello v. Hingham Mut Fire Ins. Co., 421 Mass. 333, 341; Segal v. Aetna Cas. & Sur. Co., 337 Mass. 185, 188-89 (1958). The burden of proving that the insured gave reasonably prompt notice falls on the insured. Segal 337 Mass. at 187; Goodman v. American Casualty Co., 419 Mass. 138 (1994).
In Darcy v. Hartford Insurance Co., the Supreme Judicial Court (“SJC”) considered whether an insurance company could discharge liability because the insured’s late notice prejudiced the insurer’s interests. 407 Mass. 481, 485 (1990). The SJC listed several factors to consider in determining whether an insurer has suffered actual prejudice including: (1) the length of delay; (2) loss of critical evidence; (3) the loss of testimony from a material witness; or (4) some other facts that show that the delay has actually harmed the insurer’s interests. Id. at 486. The SJC held that the insurer had not demonstrated that the late notice placed it in a substantially less-favorable position than it would have been in had it received timely notice. Id. at 487. The SJC pointed to the insurer’s failure to make any meaningful attempt to investigate the accident, and reasoned that any prejudice it suffered was due to its own inaction.[4]
The present case is distinguishable from Darcy because Pilgrim did not have actual notice of Molard’s claim until 15 months after the date of the accident. Moreover, Pilgrim, upon learning of the alleged accident, had no practical ability to conduct a meaningful investigation. In fact, Pilgrim had no ability to even confirm whether an accident had taken place — much less the details of any accident that might have occurred. Given the specific facts of this case, in which the plaintiff could not identify the driver of the vehicle she was in, time was particularly critical to Pilgrim’s ability to investigate and protect its interests. See Jackson v. Metropolitan P&C, 2004 WL 2341340 (Mass.Super. 2004) (McCann, J.) (finding prejudice based on a delay of eleven months, the court granted insurer summary judgment and dismissed insurer’s arbitration action). The 18-month delay here was significant and may have resulted in the critical loss of evidence or testimony from material witnesses thereby preventing Pilgrim from verifying the veracity of Molard’s account of the accident. Further, the loss of a timely opportunity to investigate Molard’s claim was crucial and directly related to the amount of benefits Pilgrim would be liable for, and substantially prejudiced Pilgrim’s interests. In light of this court’s finding that the delayed notice substantially prejudiced Pilgrim’s interests, the court need not address the adequacy of the notice. Accordingly, Pilgrim’s Motion for Summary is allowed, Molard’s Cross Motion for Summary Judgment is denied, and Molard’s underlying complaint is dismissed. See Jackson, 2004 WL 2341340 (Mass.Super. August 20, 2004).

ORDER

For the reasons set forth above, it is hereby ORDERED that Pilgrim’s Motion for Summary Judgment be ALLOWED, Molard’s Cross Motion for Summary *480 Judgment is DENIED, and the Underlying Complaint is DISMISSED.

For the purposes of this motion, this court considers Molard’s second attempt at notice as actual notice because the typographical error contained in the first notice was insufficient to place Pilgrim on notice of her claim. However, this distinction is of little consequence because Molard’s first attempt of notifying Pilgrim occurred approximately eight months after the alleged accident. A delay of over eight months is significant and cannot be considered prompt notice especially where the courts have held shorter delays insufficient to satisfy the prompt notice requirement. See Royal Globe Ins. Co. v. Craven, 411 Mass. 629, 633-34 & n.7 (1992).

A delay of over a month itself may fail to satisfy the requirement of “prompt” notice. See Royal Globe Ins. Co. v. Craven, 411 Mass. 629, 633-34 & n.7 (1992).

Nile SJC also noted that the facts indicated that the insurer potentially had learned of the accident from independent sources.