COMMONWEALTH vs. GARY B. GRISWOLD.

Franklin. January 5, 1984. — January 31, 1984.

Present: GRANT, CUTTER, & SMITH, JJ.

*Moped. Motor Vehicle,* Operating under the influence. *Words,* "Motor vehicle."

A motorized bicycle (moped) is a "motor vehicle" for the purposes of G. L. c. 90, § 24(1)(a), which prohibits the operation of a motor vehicle while under the influence of intoxicating liquor. [461-462]

COMPLAINT received and sworn to in the Franklin Division of the District Court Department on July 26, 1982.

A motion to dismiss was heard by *Lenhoff,* J., and the case was heard by him.

*Douglas E. O'Neil* (*Byron D. Caplice* with him) for the defendant.

*Rosemary Tarantino,* Assistant District Attorney, for the Commonwealth.

SMITH, J.   General Laws c. 90, § 24(1)(a), as amended through St. 1980, c. 383, prohibits, among other things, the operation of a "motor vehicle" while under the influence of intoxicating liquor.  The defendant was arrested and charged with operating a motorized bicycle (moped) upon a public way while under the influence of intoxicating liquor.  He filed a motion to dismiss the complaint, contending that because G. L. c. 90, § 1, as amended through St. 1976, c. 261, § 3, specifically excludes "motorized bicycles" from the definition of "motor vehicles" as that term is used throughout the chapter, a person cannot properly be charged with operating such a vehicle while under the influence of liquor. His motion was denied, and he was convicted and sentenced. The denial of his motion is the sole issue raised on appeal.

The operation of "motorized bicycles" on the public ways in the Commonwealth is governed by G. L. c. 90, § 1B, in-

serted by St. 1976, c. 261, § 4. The statute requires that an operator must be at least sixteen years of age and possess a valid driver's license or learner's permit. The statute forbids operation of motorized bicycles at speeds in excess of twenty-five miles per hour and specifically states that an operator is "subject to the traffic laws and regulations of the commonwealth." See *Commonwealth* v. *Ceria,* 13 Mass. App. Ct. 230, 233 n.3 (1982). At the same time that it inserted G. L. c. 90, § 1B, the Legislature specifically excluded motorized bicycles from the definition of "motor vehicles" as used throughout c. 90. See G. L. c. 90, § 1, as amended through St. 1976, c. 261, §§ 2 & 3.

By inserting G. L. c. 90, § 1B, the Legislature demonstrated its concern with the operation of motorized bicycles on the ways in the Commonwealth. To protect the safety of the operator and also that of the general public, the statute establishes minimum age and licensing standards to insure that operators "are familiar with rules of the road and the safe operation of the vehicle." Weiss, The Regulation of Mopeds: A Legislative Proposal, 13 New Eng. L. Rev. 303, 320-322 (1977). In addition, the Legislature made operators of motorized bicycles subject to the "traffic laws" of the Commonwealth. In so doing, the Legislature manifested its intention to make those portions of c. 90 that are concerned with *operation,* such as G. L. c. 90, § 24(1)(*a*), also apply to operators of motorized bicycles. We see nothing in *Commonwealth* v. *Giannino,* 371 Mass. 700, 703 (1977), to the contrary.

Therefore, we hold that the defendant's motion to dismiss was properly denied. We add that a contrary result would violate the rule of statutory construction that "a statute should be construed in a fashion which promotes its purpose and renders it an effectual piece of legislation in harmony with common sense and sound reason." *Worcester Vocational Teachers Assn.* v. *Worcester,* 13 Mass. App. Ct. 1, 7-8 (1982).

*Judgment affirmed.*