Kelley, J.
This is a declaratory action brought by the plaintiff Aetna Casualty and Surety Company (“Aetna”), to determine its rights and obligations under the uninsured/underinsured motorist coverage provisions of an automobile insurance policy issued by Aetna to the defendant Kelly Flink. Aetna has now moved for summary judgment pursuant to Mass.R.Civ.P. 56, on the grounds that the injured party, Carol Flink, has already recovered an amount in excess of the coverage limits. For the following reasons, the plaintiffs motion for summary judgment must be denied.[2]
BACKGROUND
On May 6, 1990, defendant Carol Flink was injured while she was a passenger in an automobile driven by Glenn Domenica (“Domenica”), when Domenica’s vehicle was struck by an automobile operated by Paul R. Engelhardt (“Engelhardt”), who failed to stop for a red light. Subsequent to the accident, Carol Flink received $20,000 in settlement of her claim against Engelhardt, which was the limit of Engelhardt’s automobile insurance policy for bodily injury to third persons. She did not pursue a claim against Domenica.
After recovering the $20,000 from Engelhardt, Carol Flink filed a claim for uninsured motorist coverage under her daughter Kelly Flink’s insurance policy, issued by Aetna, which provides compulsory coverage of $10,000 per person. Aetna has declined to pay on the grounds that Carol Flink has already recovered in excess of the coverage limit of $10,000 from a responsible party.
DISCUSSION
The first question presented to the court is whether Domenica is to be considered an uninsured or under-insured motorist for purposes of triggering recovery under Kelly Flink’s insurance policy. It is undisputed that, were Flink to pursue a claim against Domenica, she would recover nothing under his insurance policy; Domenica’s policy does not include optional insurance for bodily injury to others, and therefore does no,t provide coverage to his passengers.
The term uninsured is not defined in the policy. The term underinsured is defined at page 19:
An auto is underinsured when the limits for automobile bodily injury liability insurance covering the owner and operator of the auto are;
*447 1. Less than the limits shown for this Part on your Coverage Selection; and
2. Not sufficient to pay for the damages sustained by the injured person.
The court concludes that Domenica is an underin-sured motorist. There is no question that his automobile was insured at the time of the accident, and that he simply opted to purchase zero dollars’ worth of “Optional Bodily Injury to Others” coverage, i.e., less than the limits shown on Kelly Flink’s policy.
The next issue presented to the court is whether Carol Flink is entitled to recover underinsurance benefits as against each underinsured tortfeasor involved in the automobile accident, not to exceed the $10,000 limit total. The parties do not dispute that the language of the insurance policy, as well as of the statute itself, would preclude Carol Flink from further recovery if Engelhardt were the sole tortfeasor. G.L.c. 175, §113L(2) (underinsurance benefits are to be paid “only to the extent that the uninsured motor vehicle coverage limits exceed said limits of bodily injury liability”).[3] However, where there are multiple underinsured tort-feasors, it is an open question whether the underin-surance coverage may be triggered where one tortfeasor's bodily injury liability coverage exceeds the limits of the underinsured motorist coverage, but another tortfeasor’s bodily injury liability coverage does not. See Auto Insurance Issues: Where Are We? Where Are We Going? (Massachusetts Academy of Trial Attorneys, April 1990).
Based on the legislative intent and the explicit language of G.L.c. 175, §113L, this court holds that Carol Flink is entitled to recover underinsurance benefits for each legally responsible underinsured motorist involved in an accident, in an amount not to exceed a total of $10,000, or the limit of her per person underinsured motorist coverage.
The purpose of G.L.c. 175, §113L, is to ensure that “each insured who suffers an injury is compensated to the same extent as she would have been had she been injured by a motorist who had purchased the minimum liability insurance coverage required.” Liberty Mut. Ins. Co. v. McLaughlin, 412 Mass. 492, 494 (1992). The statute “was enacted with the broad objective of ensuring that victims of automobile accidents would be adequately compensated for their injuries when the accidents are caused by the negligence of . . . motorists with insufficient . . . liability coverage.” Hartford Ins. Co. v. Hertz Corp., 410 Mass. 279, 285 (1991). Since it is not disputed that Carol Flink’s damages exceed the $20,000 she recovered from Engelhardt, it would be anomalous to allow her to recover from a second tortfeasor who carried adequate insurance, but not to recover if the second tortfeasor were underinsured.
Further, the court looks at the language of G.L.c. 175, §113L, which provides;
In the event of payment to any person under the coverage provided by this section . . . the insurer making such payment shall ... be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recoveiy of such person against any person . . . legally responsible for the bodily injury for which such payment is made . . . provided, however, that. . . the insurer shall not be entitled to any such proceeds unless and until the person insured under the coverage required or elected to be purchased under this section has received full compensation for his injuries .. .
(Emphasis added.) Thus, it is clear that the legislature intended to allow the insured to be made whole first, by obtaining coverage from each responsible party, before allowing the insurer to reduce recovery under underinsured motorist benefits. To the extent that the language in the insurance policy, allowing the insurer to set off against “any tortfeasor" conflicts with Section 113L(4), it is unenforceable. Cardin v. Royal Ins. Co., 394 Mass. 450, 453 (1985) (“exclusionary language . . . cannot prevail if it is contrary to the statutory language or legislative policy of G.L.c. 175, §113L"); Arbelia Mut. Ins. Co. v. Vynorious, 34 Mass.App.Ct. 121, 122 (1993); Wincek v. United States Fidelity and Guar. Co., 29 Mass.App.Ct. 901 (1989); Surrey v. Lumbermens Mut. Casualty Co., 384 Mass. 171, 173 (1981). Aetna may not set off against Domenica the amount that Carol Flink recovered against En-gelhardt. Each setoff is to be made on a tortfeasor by tortfeasor basis, and Carol Flink is therefore entitled to receive underinsurance benefits from Aetna as against Domenica, who is an underinsured motorist.
ORDER
For the foregoing reasons, the plaintiffs motion for summary judgment is hereby DENIED, and summary judgment is to enter in favor of the defendants.
It is further ORDERED, that declaratory judgment enter as follows:
Under G.L.c. 175, §113L, the defendant Carol Flink is entitled to recover underinsured motorist benefits under her daughter Kelly Flink’s insurance policy, where it is agreed that (1) she has recovered more than the limits of the underinsured motorist coverage from one tortfeasor; (2) there is a second, underinsured, tortfeasor from whom she can recover nothing; and (3) her damages exceed the amount she has already recovered. She is entitled to recover only to the extent that the total exceeds neither the $10,000 limit of her uninsured motorist coverage, nor her actual damages.

Because there is no genuine dispute of material fact, and because only questions of law are presented, the court treats the defendants’ opposition to summary judgment as a cross-motion, and enters summary judgment in defendants’ favor.

Prior to the amendment of G.L.c. 175, §113L, by St. 1988, c. 273, §46, Carol Flink could have recovered if her damages exceeded recovery under Engelhardt’s policy, even if her *448 uninsured motorist coverage limits did not. Compare Hartford Ins. Co v. Hertz Corp., 410 Mass. 279, 285 (1991); Vaiarella v. Hanover Ins. Co., 409 Mass. 523, 525 (1991) (object of underinsured motorist coverage is to provide excess coverage where damages exceed limits of tortfeasor's liability insurance); Santos v. Lumbermens Mut. Casualty Co., 408 Mass. 70, 81 (1990), with Liberty Mut Ins. Co, v. McLaughlin, 412 Mass. 492, 494 (1992). McLaughlin, the only case involving an insurance policy that incorporates the 1988 amendment, states that G.L.c. 175, §113L, has the more limited objective of compensating the victim up to a certain limit, rather them up to the amount of her damages.