LOCAL 950, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS & others[1] *vs.* TOWN OF BROOKLINE & another.[2] No. 92-P-717. December 30, 1993. *Administrative Law*, Exhaustion of remedies. *Labor*, Health benefit plan, Fire fighters. *Municipal Corporations*, Group insurance, Collective bargaining. *Contract*, Collective bargaining contract. *School and School Committee*, Collective bargaining, Group insurance.

This is an appeal by unions (firefighters and school secretaries) in the town of Brookline from a decision of the Superior Court allowing the defendants' motion to dismiss for failure to exhaust remedies. A Superior Court judge determined that the matter should be left to the Labor Relations Commission (LRC) because the issue (health insurance) is governed by G. L. c. 150E and is, therefore, within the purview of that agency.

In 1991, the town unilaterally imposed an increase (from ten percent to twenty-five percent) in employee contributions to health maintenance organization (HMO) premiums. The unions sought to prevent this increase through arbitration, a petition for the exercise of jurisdiction with the Joint Management Labor Committee (JMLC),[3] and two charges of prohibited practice with the LRC.

In seeking a declaratory judgment interpreting G. L. c. 32B, § 16, as amended through St. 1989, c. 653, § 37, the plaintiffs argue that the language of that provision implies that health insurance is a statutory right not subject to collective bargaining. On that basis the plaintiffs further argue that they are not required to exhaust remedies before the LRC since a collective bargaining agreement is not in dispute. The plaintiffs rely on *Uniformed Firefighters of Ludlow, Local 1840* v. *Selectmen of Ludlow*, 29 Mass. App. Ct. 901 (1990)(*Ludlow Firefighters*), and *Ludlow Educ. Assn.* v. *Ludlow*, 31 Mass. App. Ct. 110 (1991).

We, however, think that *Everett* v. *Local 1656, Intl. Assn. of Firefighters*, 411 Mass. 361, 367-368 & n.7 (1991), controls the instant circumstances in material respects. The trial judge correctly relied on the *Everett* case in determining that the language of the statute with respect to health insurance does in fact relegate the issue of HMO premium contributions to the collective bargaining process. In so concluding the judge determined that it was unnecessary to interpret § 16, as amended through St. 1989,

---

[1]Robert O'Reilly, Theresa Manchester, and Brookline Educational Secretaries Association - Local 925 Service Employees International Union.

[2]The school committee of Brookline.

[3]A decision is evidently now pending at the JMLC according to postargument correspondence.

c. 653, § 37, and that the LRC was uniquely qualified to resolve the instant dispute.[4]

The *Ludlow* cases are distinguishable, as they involve only questions of law, rather than labor relations matters. See *Everett*, 411 Mass. at 369-370 n.10. In the *Ludlow* cases, the questions of law at issue related to the interpretation of a different statute (since repealed) regarding changes in health insurance premiums.[5] The court in *Ludlow Firefighters* stated in support of its holding that there was "no contention that . . . bargaining ever preceded institution of the new health plan." 29 Mass. App. Ct. at 903. Therefore, a denial of a motion to dismiss for failure to exhaust administrative remedies was justified, since the LRC would not be competent to address questions of law outside the scope of labor relations.

In contrast, the court in *Everett* found that the provision at issue there, § 16, was "unambiguous" (411 Mass. at 365) with respect to whether HMO premium contributions were covered by an existing collective bargaining agreement. Moreover, "[t]he issues framed by the commission's investigation and complaint will likely call upon the commission to interpret . . . provisions of the parties' collective bargaining agreement." 411 Mass. at 367-368. See *Everett* v. *Labor Relations Commn.*, 416 Mass. 620, 626 n.6 (1993). It would be for the commission to determine whether bargaining efforts by the town were sufficient to warrant a determination that an impasse had been reached. Under that line of reasoning, it is appropriate that the instant case be left to the LRC pending resolution of administrative proceedings, because the dispute will inevitably require interpretation of, and reference to, the collective bargaining agreement between the parties.

*Judgment affirmed.*

*Betsy L. Ehrenberg* for Local 950, International Association of Firefighters.

*Richard D. Armstrong* for town of Brookline.

---

[4]In determining that this matter presents questions "uniquely within the competence of the commission," the judge stated, we think correctly, that "[t]he real controversy in this case is whether the town engaged in prohibited practices by declaring an impasse and unilaterally implementing the twenty-five percent co-payment."

[5]See G. L. c. 32B, §§ 3 and 16, as amended by St. 1988, c. 23, § 77A, to be later amended by St. 1989, c. 653, § 37.

