Hamlin, J.
The plaintiffs, Ann McGarry and others (“the plaintiffs”), bring a class action for declaratory, compensatory, and injunctive relief against the defendants, School Committee of Woburn and others (“the defendants”). The plaintiffs allege that the defendants violated G.L.c. 32B, §16 and c. 149, §148, the Massachusetts Constitution, and the United States Constitution when they required bargaining unit members enrolled in HMO plans to contribute 10% of the cost of the HMO premiums. The plaintiffs and defendants have brought cross motions for summary judgment. For the following reasons, the plaintiffs’ and defendants’ motions for summary judgment are DENIED and the plaintiffs are hereby ORDERED to pursue their claim through the grievance procedures stipulated in the collective bargaining agreements.
*110 FACTUAL BACKGROUND
The record presented on summary judgment presents the following undisputed facts. NAGE Local R1-96 represents the City’s nonprofessional employees in the Department of Public Works, the Highway Division, the Sewer and Water Division, the Recreation Department, and the Cemetery Department. NAGE Local R1-160 represents all permanent full and part-time cafeteria workers employed by the School Committee of Woburn. NAGE Local R1-188 represents regular clerical employees of the School Committee of Woburn NAGE Local R1-261 represents all school custodians. NAGE Local Rl-263 represents the City employees who are employed in City Hall.
The defendants and plaintiff unions entered into collective bargaining agreements in 1987. The collective bargaining agreements provided that the agreements would continue in full force and effect after the last date of the agreement (June 30, 1990) until a new agreement was executed.
The agreements provided the plaintiffs with two types of insurance coverage: indemnity and HMO coverage. The plaintiffs could choose between one or more indemnity plans and approximately four HMO’s. The agreements required the defendants to contribute 75% of the premiums for employees enrolled in indemnity plans. Pursuant to G.L.c. 32B, §16, the defendants contributed the same dollar amount toward the premiums of employees who selected an HMO. The City’s contributions covered the total cost of the HMO premium, thus employees enrolled in HMO’s paid no contributions toward their coverage.
The legislature amended G.L.c. 32B, §16 which became effective July 1, 1990. The amendment required employees selecting HMO coverage to pay a minimum of 10% of the total monthly premium cost for their coverage. However, under St. 1989, c. 653, §218, if the amount of an employee’s contribution for health care benefits is determined by a collective bargaining agreement, the amount of the contribution shall not be changed until the expiration date of the agreement.
On or about July 1, 1990, the Mayor of Woburn implemented a requirement that all employees who selected HMO coverage, including members of the NAGE Locals, pay 10% of their monthly health insurance premium. On June 1, 1990, the defendants began deducting and have continued to deduct the cost of the HMO premiums from bargaining unit members’ pay.
The International Brotherhood of Police Officers Local 313 filed a grievance on behalf of an individual-officer against the City for deducting 10% of the officer’s pay for the HMO premium. The grievance proceeded to arbitration, and an arbitrator held that the City had violated the collective bargaining agreement and ordered the City to revert to the equal dollar mandate for the duration of the existing contract and to refund the employee’s excess premiums paid retroactive to July 1, 1990. The Middlesex Superior Court affirmed the award in January of 1994.
The International Brotherhood of Police Officers Local 528, which represents sergeants, lieutenants, and captains, who had a health insurance provision in their agreement similar to Local 313 and the NAGE locals, did not file a grievance challenging the 10% deduction. Nevertheless, the City voluntarily refunded the money the members of Local 528 paid for HMO coverage. Similarly, the City refunded contributions members of the firefighters’ union made to HMO coverage although the union did not take its grievance to arbitration. The defendants have not, however, refunded NAGE bargaining unit members’ contributions for HMO coverage.
The plaintiffs argue that this court should grant summary judgment in their favor because there are no issues of fact, the defendants violated G.L.c. 32B, §16, and the defendants violated the Massachusetts and United States Constitutions by increasing the contribution rates for NAGE employees without increasing the rates for other similarly situated employees. The defendants argue that they should be granted summary judgment because the plaintiffs failed to exhaust their administrative remedies.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and that the moving party is entitled to judgment as a matter of law." Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
"Aggrieved parties are generally, but not always, required to exhaust their administrative remedies before resorting to litigation.” Uniformed Firefighters of Ludlow, Local 1840 v. Board of Selectmen of Ludlow, 29 Mass.App.Ct. 901, 902 (1990). “Where resolution of an issue requires fact finding and the application of an agency’s expertise, the agency should first decide the issue.” Id.
The plaintiffs maintain that their claim is properly before this court because they have presented questions of law only and because there is a constitutional issue that administrative forums have no authority to resolve. This court finds that the plaintiffs’ claim in Superior Court is premature and that they must exhaust their administrative remedies before seeking relief in Superior Court.[4]
Where “the dispute will inevitably require interpretation of, and reference to, the collective bargaining agreement[s] between the parties[]”, there is not *111 merely an issue of law but a question of fact that must be resolved in an administrative proceeding. Local 950, International Association of Firefighters v. Town of Brookline, 35 Mass.App.Ct. 943, 944 (1993). In Local 950, the Appeals Court granted the defendants’ motion to dismiss for failure to exhaust administrative remedies. The plaintiffs, who were union members, challenged a unilateral increase in employee contributions to HMO premiums, asserting that the language of G.L.c. 32B, §16 implied that health insurance was a statutory right not subject to collective bargaining. The plaintiffs further argued that because a collective bargaining agreement was not in dispute, they were not required to exhaust administrative remedies. Id. at 943. The court found that “the language of the statute with respect to health insurance [] relegate[s] the issue of HMO premium contributions to the collective bargaining process.” Id. See also Everett v. Local 1656, International Association of Firefighters, 411 Mass. 361 (1991) (where provisions of a collective bargaining agreement must be interpreted to determine whether c. 32B, §16 has been violated, an administrative agency is the appropriate forum). The plaintiffs argue that the holding in Uniformed Firefighters of Ludlow should guide this court. In Ludlow, the judge held that the plaintiffs’ complaint was properly before the Superior Court because there was no evidence that bargaining had preceded the institution of a new health plan, there was no issue relating to the conduct of labor relations or the interpretation of a collective bargaining agreement, and there were only questions of law to be resolved. Id. at 903. The facts in the instant case vary greatly from those in Ludlow. The plaintiffs assert that their collective bargaining agreements allow them to avoid the 10% HMO premium payment that the City currently demands. Resolution of this issue will require a fact finder to interpret the plaintiffs’ collective bargaining agreements to determine whether or not the City’s payment requirement violates the plaintiffs’ agreements. Because it is necessary to interpret the collective bargaining agreements to determine whether the City is in violation of G.L.c. 32B, § 16, this controversy must be resolved by the appropriate administrative agency.
ORDER
For the above reasons, the court hereby ORDERS that the plaintiffs’ and defendants’ Motions for Summary Judgment are DENIED. The court further ORDERS that the plaintiffs pursue their claim through the grievance procedures stipulated in the collective bargaining agreements.

 Because this court finds that the plaintiffs’ claim was filed prematurely, this court will not address the issue of whether the defendants violated the Massachusetts and United States Constitutions. The plaintiffs must first pursue their claim in the appropriate administrative agency.