COMMONWEALTH vs. JAMES A. SOLDEGA.

No. 10-P-1925.

Hampshire. October 6, 2011. - November 23, 2011.

Present: VUONO, BROWN, & SMITH, JJ.

*Motor Vehicle,* All-terrain vehicle, Operating under the influence. *Practice, Criminal,* Argument by prosecutor. *Words,* "Motor Vehicle."

At the trial of a criminal complaint charging the defendant with operating a motor vehicle while under the influence of liquor, the Commonwealth's evidence was sufficient to demonstrate that the motorized all-terrain vehicle operated by the defendant at sixty miles per hour on a public highway was indeed a motor vehicle subject to G. L. c. 90, § 24(1)(*a*). [854-855]

There was no merit to a criminal defendant's argument that the prosecutor, at the jury-waived trial of a criminal complaint charging operation of a motor vehicle while under the influence of liquor, committed reversible error by vouching for the credibility of hospital records that showed the percentage of alcohol in the defendant's blood. [855-856]

COMPLAINT received and sworn to in the Eastern Hampshire Division of the District Court Department on November 13, 2009.

The case was heard by *W. Michael Goggins,* J.

*Joshua R. Weinberger* for the defendant.

*Cynthia M. Pepyne,* Assistant District Attorney, for the Commonwealth.

SMITH, J. The defendant, James A. Soldega, was convicted by a judge, sitting without a jury, of operating a motor vehicle while under the influence of liquor, second offense.[1] On appeal, the defendant claims that the Commonwealth presented insufficient evidence of guilt and that the prosecutor made certain

---

[1]The defendant was also found guilty of failing to stop for a police officer and found responsible for operating a recreational vehicle on a public way. These matters were not mentioned in the defendant's brief, and appellate counsel acknowledged at oral argument that they were not part of the appeal.

improper comments in his closing argument, creating reversible error.

*Background.* On November 8, 2009, at about 1:30 A.M., a Hadley police officer was in a marked police cruiser at the intersection of Southbridge and River Drive. He observed an all-terrain vehicle (ATV) coming toward him "on a public way." The ATV was approaching the officer at an estimated speed of about sixty miles per hour. The officer activated his cruiser's lights, at which point the ATV increased its speed. The ATV's operator, later identified as the defendant, wove the vehicle back and forth over marked lanes and turned its lights on and off three or four times. The defendant then drove onto Meadow Road, causing the ATV to become airborne and thereby ejecting him. The ATV rolled on top and then off of the defendant. The officer called an ambulance. He then approached the defendant, noticing the smell of alcohol coming from him. He asked the defendant if he had been drinking, and the defendant responded, "Some." The defendant was arrested and taken to the hospital, where, among other things, a technician drew his blood. The vehicle that the defendant was operating was a four-wheel ATV, specifically a large four-by-four Honda model capable of seating two people. Its size was large enough to attach a plow.

*Discussion.* 1. *Sufficiency of the evidence.* General Laws c. 90, § 24(1)(*a*), prohibits, among other things, the operation of a "motor vehicle" while under the influence of intoxicating liquor. The defendant claims that because the vehicle he was operating was a recreation vehicle, the Commonwealth failed to offer sufficient evidence that the ATV was indeed a motor vehicle and therefore subject to G. L. c. 90, § 24(1)(*a*).

We agree with the defendant that "all-terrain vehicles" and "recreation vehicles" are regulated by G. L. c. 90B. Nevertheless, G. L. c. 90B, § 20, as in effect prior to St. 2010, § 6, defines a "[r]ecreation vehicle" as "any motor vehicle designed or modified for use over unimproved terrain if used for recreation or pleasure *off a public way* as defined in chapter ninety" (emphasis added). Therefore, because the defendant was operating his ATV on a public highway at the time in question, during that time it was exempted from the relevant regulations pertaining to "recreation vehicles" contained in c. 90B.

Our analysis, however, does not stop here. The term "motor vehicle" is not defined in G. L. c. 90, § 24(1)(*a*), but is broadly defined in G. L. c. 90, § 1, to include "all vehicles constructed and designed for propulsion by power other than muscular power." The statute specifically exempts those motor vehicles that cannot exceed twelve miles per hour *and* are "designed especially for use elsewhere than on the traveled parts of ways." G. L. c. 90, § 1. Here, the ATV was powered by a motor and was being operated at speeds estimated at sixty miles per hour on a public highway. Therefore, although the ATV may indeed have been a "recreation vehicle," in these circumstances it also fell into the category of a "motor vehicle" subject to G. L. c. 90, § 24(1)(*a*).[2]

The defendant's conduct is also of the type that G. L. c. 90, § 24(1)(*a*), is meant to address in order to "reduc[e] the 'carnage caused by drunk drivers.' " *Commonwealth* v. *Tromble*, 396 Mass. 81, 86 (1985), quoting from *South Dakota* v. *Neville*, 459 U.S. 553, 558 (1983).[3] We add that a contrary result would violate the rule of statutory construction that "a statute should be construed in a fashion which promotes its purpose and renders it an effective piece of legislation in harmony with common sense and sound reason." *Commonwealth* v. *Griswold*, 17 Mass. App. Ct. 461, 462 (1984), quoting from *Worcester Vocational Teachers Assn.* v. *Worcester*, 13 Mass. App. Ct. 1, 7-8 (1982).[4]

2. *The prosecutor's closing argument.* The defendant claims that the prosecutor committed reversible error by vouching for the credibility of the hospital records that showed the percentage of alcohol in the defendant's blood. There was no objection to the comment. That omission is "some indication that the

---

[2]In *Commonwealth* v. *Gonsalves*, 56 Mass. App. Ct. 506, 509 (2002), we affirmed the defendant's conviction for receipt of a stolen motor vehicle, an ATV. In *Commonwealth* v. *Griswald*, 17 Mass. App. Ct. 461, 461-462 (1984), we held that a motorized bicycle (moped) is a "motor vehicle" for the purposes of G. L. c. 90, § 24(1)(*a*).

[3]The defendant argues that decisions construing insurance policies control the definition of "motor vehicle." In interpreting the definition of "motor vehicle" in G. L. c. 90, § 24(1)(*a*), we do not adopt the narrow definition found in civil insurance law cases.

[4]Since the occurrence of the events in this case, there were a number of amendments to G. L. c. 90. Those changes are not properly before this court, and accordingly they are not addressed in this opinion.

tone [and] manner . . . of the now challenged aspect[ ] of the prosecutor's argument [was] not unfairly prejudicial." *Commonwealth* v. *Whitman*, 453 Mass. 331, 346 n.15 (2009), quoting from *Commonwealth* v. *Lyons*, 426 Mass. 466, 471 (1998). Further, the judge was sitting as fact finder. Thus, we presume that he correctly instructed himself on the manner in which evidence is to be considered. *Commonwealth* v. *Batista*, 53 Mass. App. Ct. 642, 648 (2002).

We hold that there was no error, and if there was error, it did not amount to a substantial risk of a miscarriage of justice.

*Judgment affirmed.*