NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

17-P-1324                                        Appeals Court

COMMONWEALTH  vs.  RONALD N. DUPRE.

No. 17-P-1324.      June 4, 2018.

Moped.  Motor Vehicle, Moped, Operating under the influence.

     The defendant appeals from his conviction of operating a
motor vehicle while under the influence of alcohol, fifth
offense, on the ground that statutory definitions of "motor
vehicle" are inconsistent and therefore unconstitutionally
vague.  Specifically, the defendant argues that his vehicle met
the definition of a "motorized bicycle" under G. L. c. 90, § 1.
As G. L. c. 90, § 1, as amended through St. 1976, c. 261, § 3,
further states that "[t]he definition of 'Motor vehicles' shall
not include motorized bicycles," the defendant claims it is
unclear whether his vehicle could be deemed a motor vehicle for
purposes of prosecution under G. L. c. 90, § 24.

     This court has already addressed the question, determining
that the Legislature's choice to make "motorized bicycles," as
defined in § 1, subject to the Commonwealth's traffic laws, see
G. L. c. 90, § 1B, "manifested its intention to make those
portions of c. 90 that are concerned with operation, such as
. . . § 24 . . . , also apply to operators of motorized
bicycles."  Commonwealth v. Griswold, 17 Mass. App. Ct. 461, 462
(1984).  Our construction in Griswold, which is consistent with
the introductory paragraph of G. L. c. 90, § 1, eliminates any
vagueness concern.  See Commonwealth v. Gallant, 373 Mass. 577,
581 (1977) ("A sufficiently definite warning may be achieved by
judicial construction").[1]

_____

     [1] Although he failed to file a notice of appeal from the
denial of his motion for new trial, the defendant further

<u>Judgment affirmed</u>.


<u>Joseph Visone</u> for the defendant.

<u>Susan M. Oftring</u>, Assistant District Attorney, for the Commonwealth.

---

asserts that the motion should have been allowed on the ground that his trial counsel was ineffective for failing to adduce evidence to properly challenge whether the defendant was operating a "motor vehicle."  For the reasons we have explained, any such challenge would have been unavailing, and counsel's failure to raise the issue accordingly neither fell below the performance expected from competent counsel nor deprived the defendant of an available ground of defense.  See <u>Commonwealth</u> v. <u>Saferian</u>, 366 Mass. 89, 96 (1974).