NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-643

COMMONWEALTH

vs.

MATTHEW S. GRIGAS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On appeal from his convictions of various offenses involving operation of a motor vehicle, the defendant contends that the evidence was insufficient to establish that he operated a motor vehicle. Specifically, he contends that the Commonwealth failed to present evidence sufficient to establish that the vehicle he operated satisfied the criteria set forth in G. L. c. 90, § 1. We discern no cause to disturb the judgments, and affirm.

As a threshold matter, we observe that we are unable to undertake any evaluation of the sufficiency of the evidence, since the defendant has failed to include a transcript of the trial evidence in the record on appeal. "It is the defendant's burden, as appellant, to bring us a satisfactory transcript." Commonwealth v. Montanez, 388 Mass. 603, 604 (1983). See Mass.

R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019). Without a transcript of the evidence presented at trial, we are utterly without any capacity to consider what evidence was presented, much less whether it was sufficient to establish any particular question of fact.

In any event, so far as we may tell from the descriptions of the trial evidence contained in the parties' respective briefs, we are deeply skeptical of the defendant's argument that the evidence was insufficient to establish that the vehicle operated by the defendant was a motor vehicle. The defendant argues only that the evidence was insufficient to establish that the vehicle was not exempt -- in particular, the defendant claims that the Commonwealth failed to show that his vehicle was capable "of being driven at a speed exceeding twelve miles per hour." G. L. c. 90, § 1 (defining "Motor vehicles"). As the Commonwealth observes, however, the jury could readily infer from Officer Lareau's description of the defendant's attempt to escape police pursuit that the vehicle could be driven at a speed exceeding twelve miles per hour.[1]

_____

[1] Specifically, as described by the Commonwealth in its brief,

> "Officer Lareau reported that when he first encountered the defendant and his companion, the companion was 'able to take off' on his ATV, implying that it could outrun Officer Lareau's police vehicle. The defendant also 'attempted to speed up' on his ATV in an apparent effort to keep up with his companion, suggesting that his ATV could also have

2

The defendant's attempt to rely on cases arising in the context of insurance coverage is unavailing, for the reasons explained in Commonwealth v. Soldega, 80 Mass. App. Ct. 853, 855 n.3 (2011), and Commonwealth v. Gonsalves, 56 Mass. App. Ct. 506, 509 (2002).

Judgments affirmed.

By the Court (Green, C.J., Englander & Brennan, JJ.[2]),

Assistant Clerk

Entered: March 27, 2024.

---

outrun the police vehicle, had it not become stuck in a ditch."

Again, since we do not have a transcript of the trial evidence, we are unable to determine whether the Commonwealth's description of the evidence is accurate, or whether any other evidence bearing on the potential speed of the vehicle was presented at trial.

[2] The panelists are listed in order of seniority.

3