NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-631

COMMONWEALTH

vs.

RUFUS J. HALL, SECOND.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Boston Municipal Court, the defendant was convicted of negligent operation of a motor vehicle in violation of G. L. c. 90, § 24 (2) (a), and failure to stop for a police officer in violation of G. L. c. 90, § 25.[1] On appeal, he claims the evidence was insufficient to support his convictions.  We affirm.

Background.  On June 1, 2023, at approximately 11:05 P.M., Boston police officers Brian Marchand and Michael Hilton were patrolling in the area of Tremont Street and Stuart Street in their police cruiser when they observed the defendant "operating

_____

[1] The defendant was found not guilty of disturbing the peace and resisting arrest.

his dirt bike not safely."  The officers saw the defendant perform a wheelie on the dirt bike and heard the engine cut off as he fell backwards to the ground.  The officers left their cruiser and called to the defendant as he ran away on foot, leaving the dirt bike lying in the street.  The officers chased the defendant approximately fifty feet through traffic on the street and then onto the sidewalk before they apprehended and handcuffed him.

Discussion.  To sustain a conviction of negligent operation of a motor vehicle, "the Commonwealth must prove that the defendant (1) operated a motor vehicle (2) upon a public way (3) negligently so that the lives or safety of the public might be endangered."  Commonwealth v. Ross, 92 Mass. App. Ct. 377, 379 (2017).  Likewise, "[a]ny person who, while operating or in charge of a motor vehicle . . . shall refuse or neglect to stop when signalled to stop by any police officer who is in uniform or who displays his badge conspicuously on the outside of his outer coat or garment . . . shall be punished by a fine of one hundred dollars."  Commonwealth v. Ross, 73 Mass. App. Ct. 181, 183 (2008), quoting G. L. c. 90, § 25.

On appeal the defendant challenges the denial of his motion for a required finding of not guilty made at the close of the Commonwealth's case and the close of all the evidence.  He argued that the Commonwealth's evidence was not sufficient to

2

prove he operated a "motor vehicle."[2]  "Motor vehicles" are "all vehicles constructed and designed for propulsion by power other than muscular power . . . .  The definition of 'Motor vehicles' shall not include electric bicycles or motorized bicycles . . . ."  G. L. c. 90, § 1.

In evaluating the denial of a motion for a required finding of not guilty, we review the evidence in the light most favorable to the Commonwealth to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979).  "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.'"  Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting Commonwealth v. Woods, 466 Mass. 707, 713 (2014).

In the light most favorable to the Commonwealth, the body camera footage and testimony from Marchand and Hilton provided sufficient evidence that the defendant was operating a motor vehicle, an essential element of both G. L. c. 90, § 24 (2) (a), and G. L. c. 90, § 25.  The Commonwealth introduced evidence

---

[2] The defendant did not introduce a case or present evidence after the Commonwealth rested its case.

that the defendant was operating a dirt bike rather than a bicycle. The evidence included a description of the sound, size, and shape of the dirt bike. Hilton testified that he heard the "roaring engine" of the dirt bike before he heard the engine cut off and saw the defendant fall off the back of the dirt bike. He also testified that the dirt bike looked like a "sport bike" with all terrain wheels, no license plate, nor any side mirrors. Additionally, the body camera footage of Marchand presented to the jury showed the size and shape of the dirt bike. Although the defendant argues that the dirt bike qualifies as a "motorized bicycle" pursuant to G. L. c. 90, § 1, and therefore does not meet the required definition of a motor vehicle,[3] a rational trier of fact could have found beyond a reasonable doubt that the vehicle was a motor vehicle rather

---

[3] A "motorized bicycle" is "a pedal bicycle which has a helper motor, or a non-pedal bicycle which has a motor, with a cylinder capacity not exceeding fifty cubic centimeters, an automatic transmission, and which is capable of a maximum speed of no more than thirty miles per hour . . . ." G. L. c. 90, § 1.

than an electric bicycle or motorized bicycle.  See <u>Latimore</u>,
378 Mass. at 676-677.[4]

                                        <u>Judgments affirmed</u>.

                                         By the Court (Massing,
Henry & Hodgens, JJ.[5]),

Paul Little

Clerk

Entered:  June 17, 2025.

---

[4] Given our reasoning, we need not reach the defendant's argument that <u>Commonwealth</u> v. <u>Griswold</u>, 17 Mass. App. Ct. 461 (1984), wrongly decided that the "traffic laws" motorized bicycles are subject to, as specified in G. L. c. 90, § 1, are inclusive of all laws concerned with operation of a motor vehicle.

[5] The panelists are listed in order of seniority.